475 So.2d 103 (1985)
Johnny L. JOHNSON, Appellee-Appellant,
v.
HENDRIX MANUFACTURING COMPANY, INC., Appellee-Appellant.
No. 17134-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
*104 Burkett and Chevallier by Edward Chevallier, Many, for appellee-appellant-Johnny L. Johnson.
Walker, Tooke, Grubb, Perlman & Lyons by Jerald L. Perlman, Shreveport, for appellee-appellant-Hendrix Mfg. Co., Inc.
Before HALL, FRED W. JONES, Jr., and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, Johnny L. Johnson, appeals from a judgment rejecting his demand for worker's compensation benefits for disability arising from a heart attack which was allegedly caused by his work at Hendrix Manufacturing Co., Inc., where he was employed. The defendant appeals from that part of the trial court judgment casting it with costs of the litigation. For the following reasons, the judgment rejecting plaintiff's claim for worker's compensation benefits *105 is affirmed and the judgment casting defendant with costs is reversed.

FACTS
Plaintiff had been employed by defendant since October, 1980, performing heavy manual labor at defendant's foundry in Mansfield, Louisiana. On April 4, 1983, while at work at the foundry, plaintiff suffered severe chest pains which were later diagnosed as angina pectoris. The pains were of short duration and plaintiff was able to complete his shift. On the morning of April 5, 1983, while on his way to work, plaintiff experienced numbness in his right hand. The numbness soon abated, and plaintiff was able to work his entire shift on that day without incident. On the evening of April 5, 1983, while at home watching television, plaintiff experienced severe chest pains and was taken to the emergency room of DeSoto General Hospital where his physician, Dr. William Leigh Dillard, determined plaintiff had suffered a sub-endocardial myocardial infarction. Plaintiff was hospitalized for 6 days. Upon his release from the hospital in Mansfield, plaintiff was sent to a cardiologist in Shreveport where it was confirmed plaintiff was suffering from atherosclerotic cardiovascular disease. Plaintiff was given a treadmill test which he performed satisfactorily, and was scheduled to return to work in late May, 1983. On May 11, 1983, plaintiff reported back to Dr. Dillard with high blood pressure and reported chest pain while driving his car. On May 24, 1983, plaintiff was hospitalized for severe hypertension and received additional medication for this condition. On June 1, 1983 when plaintiff saw Dr. Dillard, plaintiff's blood pressure was near normal and the doctor recommended an increase in his activities. On July 14, 1983 Dr. Dillard saw plaintiff and encouraged him to return to work for half-shifts doing light to moderate labor. Plaintiff did return to work for approximately two weeks. However on August 25, 1983, he again reported to Dr. Dillard with elevated blood pressure, chest pains, and weakness. On this same date he was terminated by defendant due to his physical inability to perform the labor required by his employment.
Plaintiff filed suit against defendant to collect worker's compensation benefits, claiming the heart attack he suffered on April 5, 1983, occurred while in the course and scope of his employment and that as a result, he is totally and permanently disabled. Plaintiff also sought penalties and attorney's fees, claiming defendant's refusal to pay worker's compensation benefits was arbitrary and capricious.
At trial, medical testimony was introduced from plaintiff's physician, Dr. William Leigh Dillard, and an expert in the field of cardiology, Dr. John Phillips of the Tulane Medical Center. The testimony revealed plaintiff was a 37 year old black male who was extremely obese, smoked one-half pack of cigarettes per day, and drank approximately one quart of coffee per day. The evidence further showed that plaintiff suffered from chronic hypertension, had an elevated level of blood fat, an elevated level of uric acid in the blood and had a family history of heart disease. Dr. Dillard testified that the most significant factor contributing to plaintiff's heart attack was his chronic hypertension. Dr. Phillips specifically testified that the heavy manual labor performed by plaintiff in the course and scope of his employment with defendant's company did not contribute to causing the heart attack. Dr. Phillips testified that plaintiff's employment actually had a beneficial effect in lowering plaintiff's body weight, blood pressure, uric acid level and otherwise would slow the progression of plaintiff's atherosclerotic heart disease.
Based upon the medical testimony that no causal connection existed between plaintiff's employment at Hendrix Manufacturing Co. and plaintiff's heart attack, the trial court correctly denied plaintiff's claim for worker's compensation benefits.
The trial court then assessed court costs against the defendant, contrary to the general rule that the unsuccessful litigant (in this case, the plaintiff), bears the cost of *106 the litigation. Without discussing the factors which lead to this decision, the court said that although plaintiff had not brought a spurious claim, he was in no position to pay the cost of the litigation. The court stated that because defendant was in the best position to bear the burden of paying the courts, the defendant was cast with all court costs, including the cost of the transcripts and doctors' depositions.

HEART ATTACK
Plaintiff appeals, urging three assignments of error which basically contend that the trial court erred in failing to find a causal link between plaintiff's employment and his chest pain on April 4, 1983 and in failing to find a causal link between plaintiff's employment and his heart attack on April 5, 1983.
In order to recover worker's compensation benefits, plaintiff must show he received a personal injury by an accident arising out of and in the course of his employment. LSA-R.S. 23:1031. Disabling angina and heart attacks have been found to satisfy this statutory requirement. Adams v. New Orleans Public Service, Inc., 418 So.2d 485 (La.1981). However, a vascular accident occurring on the job does not create a presumption that it is caused by the employment. The plaintiff must prove the employment involved exertion or stress greater than that experienced in non-employment life and that the exertion or stress in some way caused or contributed to the heart accident. This causal link between the employment and the heart accident must be established by a preponderance of the evidence.
This burden of plaintiff's is to show by a preponderance of the evidence that the work effort, stress, or strain in reasonable probability contributed to some degree to the heart accident. Anything less and it can hardly be said the accident arose out of the employment or that the employment in any measure contributed to the accident.
For the heart accident to arise out of or be connected with the employment, the exertion, stress, or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in everyday non-employment life.
Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982).
The causal link between the heart accident and the employment must be established medically.
If there is a personal causal contribution (in the form of a diseased heart) to the heart accident, the employment causal contribution must take the form of an exertion greater than that of non-employment life.... However, whether or not there is personal weakness or disease, the claimant must establish medically that the employment exertion contributed causally to the heart attack.
Schneider v. Strahan, 449 So.2d 1338 (La. 1984).
In the present case, plaintiff has failed to establish by a preponderance of the evidence that the strain of his employment contributed to his chest pains on April 4, 1983 or to his heart attack on April 5, 1983. Although the trial testimony does indicate that plaintiff's employment consisted of heavy manual labor which would entail exertion greater than that experienced in non-employment life, nevertheless, plaintiff did not establish a causal link between this exertion and the heart attack. Plaintiff's treating physician, in his deposition, stated the most significant factor contributing to plaintiff's heart attack was not his employment, but his chronic hypertension. As stated heretofore, Dr. John Phillips, who examined plaintiff following the heart attack, testified that plaintiff had atherosclerotic cardiovascular disease which in laymen's terms is hardening of the arteries. Dr. Phillips noted that plaintiff was extremely overweight, had a high level of blood fat, a high level of uric acid in his blood, had a history of smoking, and a history of heavy consumption of caffeine. In addition, plaintiff's father died from a heart attack. Dr. Phillips testified that the strenuous work done by plaintiff at defendant's foundry did not contribute to plaintiff's *107 heart attack. On the contrary, he testified that such activity was beneficial to plaintiff by lowering body weight, blood pressure, blood fat, and otherwise retarding the progression of plaintiff's atherosclerotic cardiovascular disease. It is significant that plaintiff presented no evidence indicating his employment contributed to the heart attack. Therefore, based on the evidence presented, the trial court was correct in ruling that plaintiff failed to establish a causal link between his employment and his heart attack.[1]

COSTS
Defendant appeals the trial court ruling casting it with the court costs, as well as costs of transcripts and costs of doctors' depositions. The trial court was clearly wrong in its ruling and for the following reasons we reverse this portion of the judgment.
LSA-C.C.P. Art. 1920 provides that:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party as it may consider equitable.
Assessment of costs lies within the discretion of the trial court and unless there is an abuse of that discretion the assessment of costs will not be reversed. Succession of Batton, v. Prince, 384 So.2d 506 (La.App.2d Cir.1980). When a prevailing party is taxed with costs of litigation, it is usually because that party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Bowman v. New Orleans Public Service, Inc., 410 So.2d 270 (La.App. 4th Cir.1982); Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5th Cir.1984), writ denied 449 So.2d 1359 (La.1984).
This issue was fully discussed in Bowman v. New Orleans Public Service, Inc., supra. There the court stated:
"The necessity for some flexibility in a rule for assessing costs is readily seen. A prevailing party may have expended or caused costs that were wholly unnecessary, as by subpoenaing pointless witnesses on his or her own or by doubtful continuances obliging the losing party to re-subpoena witnesses. Or a prevailing party's communication-repelling behavior before suit might be such that he or she `deserved' to be sued or to have to sue even though he or she prevailed; and it might be equitable to oblige such a party to bear his or her own costs."
In this case, there is no showing the defendant caused costs to be incurred pointlessly, or engaged in other conduct justifying the assessment of costs against it. The ruling of the trial court assessing costs to defendant appears to be based on equity, however, the trial court failed to enumerate any factors which were considered in making its ruling other than the defendant's ability to pay. As stated in defendant's brief to this court, defendant noticed the depositions of the doctors and is responsible for the costs incurred in taking those depositions. However, defendant is not responsible for the other court costs in the trial court or on appeal, nor is defendant responsible for the cost of the transcript.
We conclude that the trial court abused its discretion in casting defendant with costs.

CONCLUSION
For the reasons stated above, the judgment of the trial court denying plaintiff's *108 claim for worker's compensation benefits is affirmed. The trial court judgment casting defendant with the costs of the litigation is reversed. All court costs incurred in the trial court and in this court are taxed to plaintiff, Johnny L. Johnson.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] The present case is distinguishable from Walker v. Austin Power Company Co., 467 So.2d 1246 (La.App.2d Cir.1985) writ denied, in which the plaintiff proved a causal connection between his employment and his angina and heart attack. In that case, this court held that the trial court's factual findings of causation were not clearly erroneous and affirmed the trial court judgment awarding worker's compensation. However, in the instant case, the medical testimony presented clearly establishes that plaintiff's manual labor was not an aggravating factor in causing his angina and subsequent heart attack.