BECKER, Judge.
Plaintiff filed suit against Paul Smith and relator State Farm Mutual Auto Insurance Company. Relator answered and filed a cross-claim and a request for jury trial. Relator posted a $5,000.00 jury bond as ordered by the trial court. The case was scheduled for trial but was settled on the morning of trial. Prospective jurors had been subpoenaed and were present, but voir dire had not commenced when the ease was settled. The trial court ordered relator to pay all costs connected with the subpoenas and all other jury costs which amounted to $2,138.08 in accordance with the local rule of court regarding civil jury trials.
Relator complains that it should not have been ordered to pay all costs incurred in connection with the jury because the local rule is in conflict with R.S. 13:3049(B)(2)(d) & (e) and is thus invalid.
The complained of local rule is entitled “Civil Jury Trials” and in Section C, it provides:
C. In the event of settlement or compromise of a jury case, before or during trial, the party upon whose order the jury trial was granted shall be responsible for payment of all accrued costs and expenses of said jury which are taxable under the law. The parties ordering the jury trial shall be responsible in order of their position on the Jury Trial calendar for the cost of the jury. If a party settles or compromises the case and notifies the Court or Clerk of Court thirty (30) days prior to the jury trial date, he shall not be responsible for the cost of the jury. If, after the thirty (30) days prior to trial, a party cancels the jury trial, the party next in order on the docket shall be responsible for the cost of the jury. The party utilizing the jury or the last person to cancel the jury shall be responsible for the cost of the jury.
R.S. 13:3049(B)(2)(d) & (e), the state statute relating to costs states in part:
(d) Any deposit made as herein provided shall be returned to the party making such deposit and any bond filed shall be cancelled in the event that the matter in which trial by jury has been requested has been tried, settled, determined, or otherwise disposed of for any reason, without having been tried by a jury.
(e) Upon rendition of the verdict in a civil jury trial, the jurors’ compensation, mileage allowance, and any other jury costs shall be advanced by the clerk of court out of the funds on deposit. If the sum on deposit exceeds the jury costs, the excess shall be refunded to the party making the deposit. If the jury costs exceed the amount on deposit, or if the judge has waived the deposit, the deficiency shall be paid out of any judicial expenses fund or, in parishes comprising the Fifth, Sixth, and Seventh Judicial Districts and in parishes where no judicial expense fund exists, the deficiency shall be paid out of parish treasury. The administrator of the judicial expense fund or the parish shall have the right to seek recovery of such amount immediately from the party or parties cast in judgment, or from the surety on any bond furnished for jury costs, notwithstanding that the judgment may be suspensively *907 appealed or that the bond was furnished by a party not cast in judgment, (emphasis added)
Relator argues the local rule is invalid because under the above statute a party is liable for jury costs only after a verdict has been rendered. However, relator fails to take into consideration C.C.P. arts. 1734 and 1734.1. Article 1734 provides for the fixing of a bond to cover all cost related to a trial by jury. Article 1734.1 provides for a cash deposit in lieu of the bond required by article 1734. Paragraph B of 1734.1 further authorizes the Clerk of Court to disburse funds from the cash deposit for payment of all or a part of the jury cost as such cost accrue. These provisions, LSA-13:3049(B)(2)(d) and (e), C.C.P. arts. 1734 and 1734.1 must be read together. In doing so, it is obvious that the legislative intent is to have the party requesting trial by jury pay for the cost, not only of the actual jury but also for the summoning and attendance of the members of the venire. To interpet 13:3049 as relator suggests, would bankrupt many small rural parishes since the same statue mandates that jurors who attend, but do not necessarily serve on a civil jury trial may demand and recover twelve dollars a day and sixteen cents per mile traveled in going to and returning from the courthouse.
We find that 13:3049(B)(2)(d) requiring return of the deposit when settlement is reached, to mean return of the deposit remaining after payment of all cost accrued. Similarly, a bond for cost could only be cancelled after all accrued costs are paid. We further find the local rule supplements but is not in conflict with the Code of Civil Procedure, articles 1734 and 1734.1 and LSA-R.S. 13:3049(B)(2)(d) and (e) and deny relator’s writ.