MARVIN, Chief Judge.
The sole issue in this appeal after the judgment in a redhibition action became final is whether the trial court abused its discretion in taxing as court cost the sheriffs fee ($1 a day) for storing the defective car which had been legally sequestered when the action was brought some four years before.
The defendant-seller of the car, who was assessed with this cost on a rule, appeals that assessment. We affirm. CCP Art. 1920.
FACTS
In an unpublished 1991 opinion, we affirmed the trial court’s judgment in favor of the purchasers rescinding the sale of the car, a 1986 Plymouth Colt. Sanders v. Robinson, No. 22,686-CA. The purchasers brought their redhibition action on May 27, 1988. The car was then being retained by an air conditioning mechanic, Smith, to whom the seller had delivered the car to be charged with freon for about $40. Smith refused to release the car to either the seller or the purchasers until he was paid an additional $80 for work he had done on other cars at the seller’s request. Smith also refused separate offers by the purchasers and the seller to pay the $40.
The writ of sequestration thereafter issued on assertions that the seller had not delivered a certificate of title to the purchasers, that possession of the car was being disputed between the seller and Smith, and that Smith had threatened to “burn or otherwise destroy the car before letting it go ... if the authorities were called in to secure possession” of the car. The writ was executed by the sheriff at Smith’s repair shop on June 21, 1988, after the seller obtained a default judgment in a separate action against Smith on June 9, 1988, ordering him to return the car to the seller. That default judgment was not appealed and became final after the car was sequestered. Thereafter, neither the seller nor the purchasers attempted to have the car released from the sheriff’s custody by furnishing security for its release under CCP Arts. 3507 and 3507.1. The seller did not seek to have the writ dissolved under Art. 3506. Smith was named as a defendant in the redhibition action but took bankruptcy before that action was tried in 1990.
Judgment rescinding the sale and ordering the seller to return the purchase price and the purchaser's expenses for insurance premiums and finance charges, was signed in June 1990. In our unpublished opinion we noted that the seller did not question the propriety of the sequestration. The judgment ordered the purchasers to deliver the car to the seller “upon receipt of the funds specified [in the judgment],” and cast the seller with “all costs.” No mention was made in the judgment of the sequestration or the storage fees of $1 per day.
Relying on the wording of the judgment, each party claimed the other was responsible for the storage fees after the redhibition judgment became final.
The trial court taxed the sheriff’s storage fees as “court costs, which costs are to be paid by [the seller] in accordance with the assessment of costs [in the judgment on the merits].” The court did not give reasons for the judgment on rule.
DISCUSSION
CCP Art. 1920 states:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
*742 Although the general rule is that the losing party pays all costs, a prevailing party may be taxed with costs if that party in some way incurred additional costs pointlessly or engaged in other conduct which would equitably justify the prevailing party being assessed. Johnson v. Hendrix Mfg. Co., Inc., 475 So.2d 103 (La.App. 2d Cir. 1985); Bowman v. New Orleans Public Service, Inc., 410 So.2d 270 (La.App. 4th Cir.1982).
The assessment of costs lies within the trial court’s discretion and will not be disturbed unless that discretion is abused. Johnson, supra.
The seller contends the trial court abused its discretion and the assessment is inequitable for these reasons:
(1) The writ of sequestration was issued at the request of the purchasers who should be liable for the sheriff’s fees.
(2) The purchasers should not have allowed the car to remain in storage after the seller obtained the default judgment ordering Smith to return the car to the seller.
(3) The purchasers “had the legal authority to remove the [car] from storage ... at any time ... [but have] unjustifiably continued to cause the storage fees to be incurred.”
The seller generally asserts it “did nothing to cause the enormous storage fees to accrue.”
While it is true that the party who invokes the services of the sheriff is primarily liable for his fees, the ultimate liability as between the litigants is not determined by who invoked the services, but by the rule of CCP Art. 1920 that the losing party is liable for all costs unless the court determines otherwise for equitable reasons. See and compare Bowman, supra, and Magna Commercial A.G. v. Commoil Ltd., 558 So.2d 796 (La.App. 5th Cir.1990), writ denied.
The seller does not dispute that the sequestration was necessary and initially justified because Smith refused to release the car and threatened to destroy it. The dispute underlying Smith’s retention of the car was between the seller and Smith and was in no way attributable to the purchasers.
The argument that the purchasers were not justified in allowing the car to remain in storage after the seller obtained the default judgment against Smith assumes incorrectly that only the purchasers were legally privileged to release the car from the sequestration and the sheriff’s custody.
CCP Art. 3506 allows the defendant to test the grounds for a writ of sequestration by filing a contradictory motion. Even should the defendant not prevail under Art. 3506, Art. 3507 allows a defendant to “obtain the release of the property seized under a writ of ... sequestration by furnishing security for the satisfaction of any judgment which may be rendered against him.”
The seller suggests, without cite of authority, that Art. 3507 applies only when the defendant is the owner of the seized property. The only condition imposed by Art. 3507 on the defendant’s right to have the property released is the furnishing of the security under Art. 3508 in an amount exceeding by one fourth the value of the property or the amount of the claim, whichever is less.
The seller apparently confuses Art. 3507 with Art. 3507.1, which governs the plaintiffs right to obtain the release of sequestered property. Art. 3507.1 provides in part that sequestered property may be released to the plaintiff “upon proof of his ownership and upon furnishing security as required by Article 3508 [and that all costs] ... incurred as a result of the seizure shall be paid by the plaintiff prior to the release of the property.”
We note that the Louisiana Highway Regulatory Act defines the “owner” of a vehicle as “a person who holds a legal title to a vehicle” (LRS 32:1(45)), but need not decide whether this definition determines “proof of ownership” under CCP Art. 3507.1. From the trial record and our previous opinion, we also note that the seller had not transferred or tendered title to the car to the purchasers when the redhibition action was tried some two years after the sale, notwithstanding that the purchasers *743 paid the seller a title transfer fee and provided information requested by the seller that was necessary to effect the transfer of title (a copy of the chattel mortgage and the driver’s license number of the purchaser).
The seller has not questioned either the propriety of the writ of sequestration or the reasonableness of the $l-a-day sheriffs fee. The purchasers did not incur the storage fees pointlessly or unjustifiably. The seller could have obtained the release of the car under Art. 3507 simply by furnishing the required security immediately after the writ of sequestration was executed by the sheriff. We cannot conclude on this record that an “equitable” basis exists for casting the prevailing purchasers with the sheriff’s charges for storing the vehicle. The trial court properly assessed those charges to the seller and losing party under CCP Art. 1920. See and compare Parker v. Machen, 567 So.2d 739 (La.App. 2d Cir.1990) and Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112 (La.App. 1st Cir.1990), writ denied.
DECREE
At the seller’s cost, here and below, the judgment is AFFIRMED.