liPRICE, Judge Pro Tern.
The State of Louisiana, through the Department of Social Services, Office of Family Support, appeals a judgment of the First Judicial District Court which ordered the Office of Family Support to forward child support payments to the clerk of court in the event the defendant failed to pay court costs as ordered. Because a child support payment should not be subjected to a de facto garnishment in favor of court costs and because the legislature has provided a procedure for the collection of court costs, we reverse the judgment as it pertains to the aforementioned duty imposed on the Office of Family Support.

FACTS

On May 24, 1993, the State of Louisiana, through the Department of Social Services, Office of Family Support, filed suit on behalf of C.S.P., a minor, against Scott I. Holloway seeking a declaration of paternity, child support, and medical and dental insurance coverage. Attached to the petition was the affidavit of Mickey Parker, the child’s maternal grandfather, which asserted the child’s mother was a minor who resided at his residence with the child. Mr. Parker assigned his rights to child support for the minor child to the State of Louisiana.
Mr. Holloway filed a general denial; however, after paternity testing established the probability of paternity at 99%, he acknowledged paternity, and the state filed a petition for support. Following a hearing on a rule for support, the trial court ordered Mr. Holloway to pay $143 per month for the use and benefit of the child, maintain medical and dental insurance coverage through his employer, if available, and pay court costs of $250. The judgment also included the following passage:
*116 IT IS FURTHER ORDERED, ADJUDGED and DECREED that the office of Family Support shall have an affirmative duty to contact the Clerk of Court immediately upon receipt of any funds discharging the |2child support award herein for the purpose of ascertaining whether or not the court costs incurred in connection with this litigation have been paid in full. In the event that the court costs have not been paid as ordered herein, then in that event, the Office of Family Support shall have the further affirmative duty to withhold from the funds tendered amount [sic] sufficient to discharge the court costs. IT IS FURTHER ORDERED that after all costs have been paid, the defendant is then ordered to pay all further monies to the Department of Social Services, Office of Family Support....
The state appeals the judgment insofar as it places an affirmative duty on the Office of Family Support to forward child support payments to the clerk of court to discharge unpaid court costs.

DISCUSSION

Initially, we note the trial court has great discretion in assessing court costs and its judgment will not be disturbed in the absence of an abuse of that discretion. Walker v. Bankston, 571 So.2d 690 (La.App. 2d Cir.1990); Cajun Elec. v. Owens-Corning Fiberglass, 616 So.2d 645 (La.1993). However, the trial court’s great discretion does not extend so far as to circumvent statutory guidelines for the collection of child support and court costs.
The trial court may not assess court costs against the state except in a limited number of circumstances, such as expropriation suits and suits against the state where the state is cast in judgment. LSA-R.S. 13:4521.
The general rule is for costs to be assessed against the losing party unless the prevailing party has incurred additional costs pointlessly or engaged in other conduct which would equitably justify the prevailing party being assessed. LSA-C.C.P. Art. 1920; Sanders v. Robinson, 614 So.2d 740 (La.App. 2d Cir.1993).
Although the trial court assessed costs against Holloway, the requirement that the Office of Family Support contact the clerk of court upon receiving a child support payment and forward that payment to the clerk in the event that Holloway Dialled to • pay court costs operates as de facto garnishment on the child support payment. By ordering the Office of Family Support to forward child support payments to the clerk, the trial court has effectively placed the clerk in a superior position or rank than the child and has violated LSA-R.S. 46:236.3(H) which requires a support order be given preference to any other garnishment proceedings.
If Holloway pays court costs and pays his child support, then no harm will result from this judgment. However, if Holloway does not pay court costs, but timely pays his child support, then the Office of Family Support would be required to forward the child support payment to the clerk of court, thereby subjecting the child support payment to a de facto garnishment to discharge court costs.
In the event Holloway fails to pay court costs, his child support payment would be forwarded to the clerk of court, thereby placing him in arrears and subjecting him to a rule for contempt. If this were the trial court’s intent, then it appears to be a trap for an unwary defendant. Holloway could make a timely child support payment and still be held in contempt for failure to pay child support. This scenario injects a punitive measure into the collection of court costs for which we can find no justification in the jurisprudence.
In brief, the state argues that because court costs are $225 while the support payment is $140, if the entire amount of court costs is deducted the child will not receive any monetary support from Holloway for two months. The state asserts this is an abuse of discretion and we agree. The legislature has provided the procedure whereby the clerk of court may proceed against a party who refuses to pay costs.
If costs of court are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party and against the surety on any Lcost *117 bond furnished by him, by rule returnable not less than two judicial days from the date of service upon the defendant in rule. Furthermore the clerk may employ an attorney to assist him in filing and trying said rule and the fee of the attorney employed shall be fixed by the district judge before whom the rule is tried and shall be taxed as costs along with the cost of the hearing. LSA-R.S. 13:843. In short, the statute provides a procedure whereby the clerk of court may become a judgment creditor, and once this status is secured the clerk would have at his disposal all the resources of a judgment creditor. This is the proper statutory procedure to be followed, and while less convenient than the judicial remedy imposed herein, it does not place the clerk’s convenience over the child’s needs.
We also note, by analogy, that the purpose of the Uniform Reciprocal Enforcement of Support Act codified in Children’s Code Articles 1301, et seq is to improve the enforcement of duties of support. While not directly applicable herein this legislation illustrates the preeminent position of support payments over court costs. Children’s Code Article 1317 discusses the payment of filing fees and other costs, and subsection C states: “The costs or fees provided in this Article do not have priority over amounts due to the obli-gee.” In the case sub judice, if Holloway were an absent parent living out of state and the petition for support had been brought pursuant to the Uniform Reciprocal Enforcement of Support Act, then it would have been manifest error for the trial court to subject the support award to the de facto hen in favor of court costs. The trial court cannot elevate the collection of court costs over child support payments in intra-state eases, just as it cannot do so in interstate cases.

\ ^CONCLUSION

For the foregoing reasons, we reverse the trial court’s judgment insofar as it places an affirmative duty on the Office of Family Support to forward child support payments to the clerk of court in the event Mr. Holloway fails to timely pay court costs. In all other respects the judgment is affirmed.
REVERSED IN PART AND AFFIRMED IN PART.