liDOUCET, Chief Judge.
This is an appeal from a lower court judgment taxing jury costs against defendant-appellant, International Indemnity Company (International), and taxing court costs equally between defendant-appellant, International, and defendant-appellee, State Farm Automobile Insurance Company (State Farm). The record reveals the following facts:
On August 24, 1994, the plaintiffs, Jerry and Effie Middlebrooks, filed suit for damages arising out of an automobile accident. Named as defendants in their petition |2were International Indemnity Company, and its insured, Peggy Deville, as well as the plaintiffs’ own underinsured motorist carrier, State Farm Automobile Insurance Company. On September 23, 1994, State Farm filed a cross-claim against both Deville and her insurer, International. In answering the original petition, International and Deville requested a trial by jury. On April 18, 1995, International and Deville filed a motion to waive trial by jury. On April 21, 1995, the plaintiffs filed a motion to fix for jury trial.
On May 19,1995, International and Deville negotiated a settlement agreement with the plaintiffs. The agreement stated that International would pay its policy limit of $10,000 *742 to the plaintiffs and also pay all court costs incurred up to May 19, 1995. In exchange, the plaintiffs would release International and Deville from further liability. International also obtained a release from State Farm stating that State Farm would relinquish any right it may have to the $10,000 paid by International to the plaintiffs. State Farm, however, did not release Deville from the cross-claim.
International tendered the check to the plaintiffs who rejected it and refused to settle according to their agreement. International and Deville filed a motion to enforce the settlement agreement. After hearing, the trial court found that there was no agreement and denied the motion. International and Deville sought a supervisory writ to this Court. On June 20, 1995, one day prior to trial, this Court granted the writ and reversed the trial court finding the settlement agreement valid and enforceable. Therefore, the only remaining claims were the Middle-brooks’ claim against their own insurer, State Farm, and State Farm’s cross-claim against Deville.
On the morning of trial, June 21, 1995, Deville disclosed, for the first time, that she had filed bankruptcy proceedings in federal court several months beforehand. The record reveals that no party to this lawsuit, not even Deville’s own attorney, was awarejyjof this fact until that time. Since trial could not go forward against Deville under the federal bankruptcy law, the suit was settled the morning of trial. State Farm paid the plaintiffs $5,000 in addition to $5,000 they had previously paid. State Farm also dismissed its cross-claim against Deville. The jury, which was already empaneled and present for trial, was dismissed.
At that point, the only issue left before the trial court was the apportionment of court costs, including jury costs. The parties could not agree as to the allocation and apportionment of these costs. As a result, both State Farm and International filed a Motion to Tax Costs. After a hearing on the matter, the trial judge assessed International with one-half of all of the plaintiffs’ costs, both prior and subsequent to the May 19, 1995 settlement, all costs attributed individually to International, and $1,650.80 in jury costs. The trial judge also assessed State Farm one-half of all of the plaintiffs’ costs, both prior and subsequent to the May 19, 1995 settlement, plus all costs attributed individually to State Farm. International and Deville appealed claiming that the trial court abused its discretion by casting them with one-hundred percent of the jury costs plus one-half of all of the plaintiffs costs both prior and subsequent to the May 19, 1995 settlement, contrary to the settlement agreement.
JURY COSTS
The appellants assert that the trial court abused its discretion in assessing jury costs against International since International did not request a jury trial and settled the case prior to the date of trial.
The trial court assessed all of the jury costs, $1,650.80, against International. It found that the conduct of International’s client, Deville, in withholding information as to a pending bankruptcy proceeding in federal court, warranted the assessment of Injury costs against International although International did not request the jury trial and had settled the case prior to trial.
La.Code Civ.P. art. 1920, concerning the assessment of costs, reads as follows:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Furthermore, the court, in Laughlin v. Breaux, 515 So.2d 480, 485 (La.App. 1 Cir.1987), stated the following regarding the assessment of costs:
The trial court’s assessment of costs will not be disturbed unless there is an abuse of discretion. Johnson v. Hendrix Mfg. Co., Inc., 475 So.2d 103 (La.App. 2nd Cir.1985). The prevailing party is not taxed with costs unless in some way he incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Johnson, 475 So.2d at 107.
*743 La.R.S. 13:3049(B)(2)(d) states, in pertinent part:
(d) Any deposit made as herein provided shall be returned to the party making such deposit and any bond filed shall be can-celled in the event that the matter in which trial by jury has been requested has been tried, settled, determined, or otherwise disposed of for any reason, without having been tried by a jury.
In Fernandez v. Smith, 559 So.2d 905 (La.App. 4 Cir.1990), the court correctly held that the above statute must be read in connection with La.Code Civ.P. art. 1734, which provides for the fixing of a bond to cover jury costs, and La.Code Civ.P. art. 1734.1 which provides for a cash deposit for jury costs in lieu of posting a bond. Accordingly, La.R.S. 13:3049(B)(2)(d), as set forth above, requiring return of the deposit when settlement is reached, means “return of the deposit remaining after payment of all cost accrued.” Id. at 907.
... it is obvious that the legislative intent is to have the party requesting trial by jury pay for the cost, not only of the actual jury |,shut also for the summoning and attendance of the members of the venire.

Id.

In the instant case, the plaintiffs requested a trial by jury on April 21, 1995. The case was subsequently settled prior to trial. Under La.R.S. 13:3049(B)(2)(d), the plaintiffs should be cast with all jury costs since the case was settled after the costs of a jury were incurred.
Further, in Busalacchi v. Vogel, 429 So.2d 217, 223 (La.App. 4 Cir.1983), the court stated:
‘[T]he underlying principle of Code and jurisprudence is that the party whose behavior unjustifiably causes costs to be incurred ought to pay them.’
The trial court stated, in its oral reasons for judgment, that International “knew or should have known” that its client had previously filed for bankruptcy. The trial court concluded that if Deville had disclosed this information at the inception of the suit, there would have been no jurisdiction for a jury trial and thus the jury costs would not have been incurred. In essence, the trial court held that because International’s client, De-ville, engaged in conduct which resulted in costs being pointlessly incurred, International should be assessed with the costs of the jury. We disagree.
We find that the conduct of the plaintiffs caused the additional costs to be incurred. The record reveals that the plaintiffs requested the jury trial on April 21,1995, prior to the date of settlement. The plaintiffs refused to abide by the May 19, 1995 settlement agreement. All of the jury costs were incurred after the date of settlement. In the May 19, 1995 settlement, the plaintiffs released both International and Deville from further liability. Simultaneously, International obtained a release from the plaintiffs’ insurer, State Farm, as to any right it may have had to the money paid to | ¡¡the plaintiffs under the settlement agreement. Had the plaintiffs acted as they agreed to, no jury costs would have been incurred.
If the settlement had gone forward as agreed, the only issues that would have remained before the trial court, were the plaintiffs’ claim against their own insurer, State Farm, and State Farm’s cross-claim against Deville. Because the plaintiffs’ UM policy had a limit of $25,000, there would have been no jurisdiction for a jury trial after the May 19,1995 date of settlement.
Accordingly, we find that the trial court abused its discretion in assessing the jury costs to International.
COURT COSTS AFTER MAY 19,1995
The appellants farther contend that the trial court abused its discretion in assessing court costs incurred after May 19, 1995, against International, contrary to the settlement agreement.
The settlement agreement stated that International was only responsible for court costs through the date of settlement.
La.Code Civ.P. art. 1920 has been interpreted liberally to give trial courts broad discretion in apportioning court costs. The decision of the trial court regarding assessment of costs will not be reversed on appeal unless there is an abuse of discretion. *744 Doe v. Roman Catholic Church, 94-1476 (La.App. 3 Cir.); 656 So.2d 5, writ denied, 95-2076 (La. 11/13/95); 662 So.2d 478; Davis v. State Dept. of Transp. and Development, 94-308 (La.App. 3 Cir. 12/7/94); 647 So.2d 552, writ denied, 95-0034 (La. 1/27/95); 649 So.2d 382.
In the ease at bar, however, there was a settlement agreement entered into between the plaintiffs, Jerry and Effie Middlebrooks, and two defendants, International |7and its insured, Deville. La.Civ.Code art. 3071 defines a transaction or compromise as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
It is well-settled that transactions or compromises are binding contracts between the parties thereto. Furthermore, this court, in Herrington v. Skinner, 93-1556, p. 4 (La.App. 3 Cir. 6/1/94); 640 So.2d 748, 750-751, citing Walton v. Walton, 597 So.2d 479 (La.App. 1 Cir.1992), stated:
‘Compromise agreements between parties to avoid litigation are favored by law, and courts will not declare a settlement void without a clear showing that it violates good morals or public interest. Compromise settlements are not invalidated lightly in absence of bad faith, error or fraud. Adams v. Adams, 529 So.2d 877 (La.App. 4 Cir.), writ denied, 533 So.2d 363 (La.1988).’
Moreover, La.Civ.Code art. 1983 states the following:
Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith.
The agreement in this case stated that International agreed to pay its policy limit of $10,000 plus all court costs that had been incurred up to the date of settlement, May 19, 1995. In exchange, the plaintiffs agreed to release both International and De-ville from further liability. The settlement agreement is a valid, binding contract which constitutes the law between the parties. Therefore, the trial court is bound to give legal effect to the agreement according to the true intent of the parties. See Edenborn Partners Ltd. Partnership v. Korndorffer, 94-891 (La.App. 5 Cir. 3/1/95); 652 So.2d 1027, writ denied, 95-1234 (La. 6/23/95); 656 So.2d 1032.
The trial court assessed International with costs incurred after the May 19,1995 compromise in regard to payment of court costs. This is contrary to the settlement agreement and constitutes an abuse of the trial court’s discretion. Pursuant to the settlement agreement, International is responsible for all court costs incurred through May 19, 1995. State Farm, on the other hand, should not be cast with any costs prior to the date of settlement. State Farm is responsible for all court costs incurred after May 19, 1995.
CONCLUSION
For the foregoing reasons, the trial court’s judgment of September 27, 1995 is reversed. The plaintiffs are liable for all jury costs incurred in this case. International is responsible for all court costs incurred through May 19, 1995, and State Farm is responsible for all costs incurred after May 19, 1995, exclusive of jury costs. The case is remanded to the trial court for a determination of the amount of court costs consistent with this opinion.
REVERSED; RENDERED AND REMANDED.