Dear Mr. Barousse,
As Clerk of Court of Acadia Parish, you have requested an Attorney General's opinion as to whether you may hire an outside firm or individual to collect unpaid court costs owed to your office. These costs are court ordered and owed by various parties to litigation in Acadia Parish. Over the years a substantial amount of unpaid court costs has accumulated, and you would like to collect it. Your staff is overworked with its normal duties, and you are asking if you can retain an outside firm or individual to collect these unpaid court costs on a contingency basis, an hourly rate, or some other negotiated basis.
In answering your question, we refer you to R.S. 13:781, which requires clerks to collect all fees and charges due their offices, and R.S. 13:843, which provides a summary procedure whereby clerks may proceed against parties who refuse to pay court costs. Pursuant to R.S. 13:843, if court costs are not paid within 10 days of demand for payment, judgment may be rendered by rule returnable two days after service on the party owing the costs. The clerk then becomes a judgment creditor, and as such has at his disposal all the resources of any judgment creditor.[1] R.S. 13:843 also provides for the awarding of attorneys fees and authorizes clerks to hire attorneys to assist in the filing and trying of these rules. In Louisiana, attorney's fees are not allowed as costs except where authorized by statute, as in this instance.[2]
In light of the above, it is apparent that the Legislature expects clerks to use the means available to collect court fees owed to them, and that clerks must exercise reasonable means to recover court costs from judgment debtors. In fact, the failure to do so may violate the prohibition against donating public funds found in Art. VII, Sec. 14 of the La. Const.[3] Thus it seems reasonable to assume that clerks can contract with third parties to assist in the collection of unpaid court costs. We are not aware of any state law that would prohibit clerks from contracting with a third party to assist in these collections. *Page 2 
To aid you in your determination as to how these third parties will be compensated, we direct you to Article VII, Section 14 of the La. Constitution. Section 14(A) prohibits the donation of public funds or things of value by the state or any of its political subdivisions. Section 14(C) authorizes political subdivisions to enter into cooperative endeavors with private parties for public purposes. (Note: The prohibition against donating public funds is not waived by the authorization in Paragraph (C) to enter into cooperative endeavors.) Our office has consistently opined that a constitutionally-sanctioned cooperative endeavor must meet the following three requirements: 1) the agreement must be for a public purpose; 2) the entity, the clerk in this case, must have a legal duty or obligation to spend the funds for this purpose, and 3) the costs must be commensurate with the benefits received.[4]
It is clear that a contract between a clerk and a private party for assistance in collecting outstanding court costs is one with a public purpose, and as clerks have a statutory duty to collect fees owned to their offices, the first two requirements are met. The determination as to whether the costs of the contract are proportionate to the benefits received is a factual one that must be made by you after proper consideration of all issues involved.
Please note that while we are not aware of any state law that either prohibits or authorizes contingency fee contracts in his instance, we caution you regarding the uncertainty of the actual costs involved in contingency fee agreements. Typically, total costs are unknown when a contingency contract is negotiated, and thus you risk paying costs that could be substantially greater than the value of the services you receive. If you choose to use a contingency fee contract, you may want to consider establishing a maximum fee in order to avoid a situation where the costs to your office are vastly disproportionate to the services provided or the benefits received.
We trust this adequately addresses your concerns. If you have any further questions, please contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________ DENISE BROU FITZGERALD Assistant Attorney General
[1] State of La. v. Holloway, 649 So.2d 114 (La.App. 2nd
Cir. 1995).
[2] Huddleston v. Bossier Bank and Trust Co., 475 So.2d 1082
(La. 1985); Quealy v. Paine, Webber, Jackson Curtis, Inc.,475 So.2d 756 (La. 1985).
[3] La. Const. Art. VII, Sec. 14 prohibits the state or any of its political subdivisions from loaning, pledging or donating funds or anything of value, when it is under no obligation to do so.
[4] Atty. Gen. Op. No. 05-122, 93-787, 93-164, 92-722.