| | | |
|---|---|---|
| **RICHARD A. RODRIGUE** | * | **NO. 2019-CA-0713** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **THE TRAVELERS** | | **FOURTH CIRCUIT** |
| **INSURANCE COMPANY;** | * | |
| **PUGET SOUND COMMERCE** | | **STATE OF LOUISIANA** |
| **CENTER, INC. (F/K/A TODD** | * * * * * * * | |
| **SHIPYARDS CORPORATION,** | | |
| **F/K/A TODD-JOHNSON DRY** | | |
| **DOCKS, INC.); EAGLE, INC.** | | |
| **(F/K/A EAGLE ASBESTOS &** | | |
| **PACKING COMPANY, INC.);** | | |
| **LOUISIANA INSURANCE** | | |
| **GUARANTY ASSOCIATION** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-02510, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Rosemary Ledet, Judge
Paula A. Brown)

**LEDET, J., CONCURS WITH REASONS**


Gerolyn P. Roussel
Perry J. Roussel, Jr.
ROUSSEL & CLEMENT
1550 West Causeway Approach
Mandeville, LA 70068

    COUNSEL FOR PLAINTIFF/APPELLANT


          **JUDGMENT REVERSED**
          **AND REMANDED**
          **January 8, 2020**

This civil matter involves a dispute over the refund owed from unexpended jury deposit costs. Mr. Rodrigue seeks review of the district court's judgments that denied his *ex parte* motion for release of the $5,600.00 deposited for jury trial cost ("motion for refund") and his motion for new trial. For the reasons that follow, we reverse the district court and remand this matter to the district court for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

On March 14, 2018, Mr. Rodrigue filed a petition for damages against several defendants to recover damages allegedly incurred as a result of Mr. Rodrigue contracting mesothelioma. Mr. Rodrigue demanded a trial by jury. On April 6, 2018, the district court issued the jury deposit order setting forth the cash deposit requirements for a jury trial and the conditions for a refund of unexpended funds.[1] The jury deposit order provided, in part, the following:

---

[1] Judge Ad Hoc Melvin Zeno, sitting in Civil District Court for the Parish of Orleans, Div. E, signed the jury order.

**IT IS ORDERED** that the party requesting a jury trial shall make a cash deposit with the Clerk of Court in the amount of $2,000.00 for the first day of trial and $400.00 for each additional day the trial is expected to last. . . .

In the event the case is settled, the party depositing the funds shall receive a refund of this deposit as follows.

1. All funds less **$1,500.00** shall be refunded, only if the Court is notified, in writing, 30 (thirty) days in advance of trial indicating that the case is resolved or will proceed to trial by judge;

2. If the case settles within the dates the trial was scheduled to proceed, the court shall cast the party requesting the jury trial an additional **$320.00** in jury costs.

3. If the case proceeds to trial by jury, the remaining funds on deposit shall be used to pay all jury costs. The court may require an additional deposit for costs as needed.

4. The above deposit schedule only applies to the calling of a standard venire. In the event that the case requires more potential jurors because of the length of the case or other factors, the Court may require additional costs to be posted.

On April 16, 2018, Mr. Rodrigue deposited $5,600.00 to cover the jury trial costs for twelve jurors and two alternate jurors for a ten-day trial.

The jury trial was scheduled to commence on March 18, 2019. On March 12, 2019, four working days before trial, Mr. Rodrigue notified the district court that his case had settled. The following day, March 13, 2019, Mr. Rodrigue filed his ex parte motion for motion for refund, wherein he requested the district court order the Clerk of Court to return the balance of the funds deposited as cost for the jurors and alternate jurors. On March 15, 2019, the district court denied the motion for refund. The district court further ordered the Clerk of Court to pay to the Judicial Expense Fund (the "JEF") the entirety of the $5,600.00 for costs associated with the jury venire.

2

On March 21, 2019, Mr. Rodrigue filed an *ex parte* motion for new trial, arguing that the district court's denial of his motion for refund violated La. C.C.P. art. 1734.1.[2] The district court denied the motion for new trial.

Thereafter, Mr. Rodrigue filed a supervisory writ application seeking a writ of mandamus to compel the district court to release the deposited funds. This Court denied the supervisory writ seeking a writ of mandamus as premature; however, we granted the writ for the limited purpose of considering the writ as a motion for an out-of-time appeal and remanded the matter to the district court with instructions to treat the timely filed notice of intent as a notice of appeal.[3] The Louisiana Supreme Court subsequently denied Mr. Rodrigue's application for supervisory review.[4]

This timely devolutive appeal followed.[5]

## DISCUSSION

On appeal, Mr. Rodrique assigns four errors; specifically, he contends the district court erred in: (1) issuing a jury deposit order which failed to provide that, upon payment of all jury costs, any unexpended amounts remaining in the cash deposit be refunded as required by La. C.C.P. art. 1734.1; (2) denying Mr. Rodrigue a refund where the case settled prior to the scheduled start of trial and $5,600.00 remained on the jury deposit; and (3) denying Mr. Rodrigue's ex parte

---

[2] La. C.C.P. art. 1734.1 outlines jury cash deposit procedures.

[3] *Rodrigue v. Travelers Insurance Company,* 2019-0314 (La. App. 4 Cir. 4/10/19) (unpub.).

[4] *Rodrigue v. Travelers Insurance Company*, 2019-0602 (La. 6/3/19), 272 So.3d 540.

[5] The district court signed Mr. Rodrigue's original motion for devolutive appeal on May 20, 2019. Afterwards, a joint order to dismiss all remaining defendants in the underlying petition for damages was signed on June 24, 2019. Mr. Rodrigue then filed an amended motion for devolutive appeal on June 25, 2019, which the district granted on June 26, 2019.

motion for new trial; and (4) Clerk of Court Chelsey Richard Napoleon violated La. C.C.P. art. 1734.1 and/or other laws by failing to refund to Mr. Rodrigue the unexpended portion of the $5,600.00 jury deposit.

We will address each of these errors in turn.

*Jury deposit order violated La.C.C.P. art. 1734.1*

Mr. Rodrigue's argues in his first assigned error that the April 6, 2018 jury deposit order violated La. C.C.P. art. 1734.1(E) as it did not provide for a refund of the total unexpended amount remaining on the jury deposit; but instead, improperly limited the refund to "[a]ll funds deposited less **$1,500.00**" in the event the case settled and the district court was notified in writing of settlement thirty days in advance of the trial date.

"[W]hen a matter involves the interpretation of a statute, it is a question of law, and a *de novo* standard review is applied." *See New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans*, 2017-0320, p. 5 (La. App. 4 Cir. 3/21/18), 242 So.3d 682, 688 (citation omitted). Therefore, we apply the *de novo* standard of review to determine whether the district court's jury order violated La. C.C.P. art. 1734.1.

La. C.C.P. art. 1734.1 provides in pertinent part:

A. When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which shall be a specific cash amount, and the court shall fix the time for making the deposit, which shall be no later than thirty days prior to trial. The deposit shall include sufficient funds for payment of all costs associated with a jury trial, including juror fees and expenses and charges of the jury commission, clerk of court, and sheriff. The required deposit shall not exceed two thousand dollars for the first day and four hundred dollars per day for each additional day the court estimates the trial will last. . . .

B. The clerk of court may disburse funds from the cash deposit for payment of all or a part of the jury costs as such costs accrue. The

4

clerk shall keep a record of funds disbursed by him from the cash deposit.

* * *

D. The funds disbursed from the cash deposit for payment of jury costs shall be assessed as costs of court.

E. After payment of all jury costs, any unexpended amounts remaining in the cash deposit shall be refunded by the clerk of court to the party filing the cash deposit.

A look at the legislative history of La. C.C.P. art. 1734.1 establishes that the statute was enacted, in part, to provide the clerks of court with actual cash in hand to defray the costs of jury trials. *See State Department of Transportation and Development v. Walker*, 1995-0185, p. 7 (La. 6/30/95), 658 So.2d 190, 194. "Paragraph B of 1734.1 further authorizes the Clerk of Court to disburse funds from the cash deposit for payment of all or a part of the jury cost *as such cost accrue*[sic]." *Fernandez v. Smith*, 559 So.2d 905, 907 (La. App. 4th Cir. 1990). In *Fernandez*, the defendant, who had requested the jury trial, maintained that the district court's reliance on a local rule in ordering the defendant to pay all jury costs after the case settled on the morning of trial conflicted with a state statue.[6] The Court noted that the defendant had failed to take into consideration La. C.C.P. art. 1734.1. *Id.* This Court opined that the requirement in La. C.C.P. art. 1734.1 to have the party requesting trial by jury pay for costs encompasses not only the costs

---

[6] The district court's local rule, Civil Jury Trials, Section C, provided, in pertinent part, that "[I]n the event of settlement or compromise, of a jury case, before or during trial, the party upon whose order the jury trial was granted shall be responsible for payment of all accrued costs and expenses of said jury. . ." La. R.S. 13:3049(B)(2)(d), the state statue in effect relating to costs, stated, in part, the following:

> (d) Any deposit made as herein provided shall be returned to the party making such deposit and any bond filed shall be cancelled in the event that the matter in which trial by jury has been requested has been tried, settled, determined, or otherwise disposed of for any reason, without having been tried by a jury.

5

of the actual jury, but also costs for the summoning and attendance of the members of the venire. *Id*. Indeed, any refund of the jury cash deposit permitted by La. C.C.P. art. 1734.1(E) when settlement has been reached refers to the return of the deposit *after* payment of all costs accrued. *Id*. (Emphasis added.) In denying the defendant's writ application, the *Fernandez* Court found that the local rule requiring the defendant to pay all costs, such as subpoenas and other jury costs, which had accrued prior to the date of settlement, supplemented, rather than conflicted with La. C.C. P. art. 1734.1. *Id*.

In the case *sub judice*, the jury deposit order permitted a refund, less $1,500.00, of the jury cash deposit for those matters that settled thirty days in advance of trial. Four days before trial, Mr. Rodrigue notified the district court that he had settled his case. While the jury order failed to assess any additional costs for cases that settle less than thirty days before trial, this Court, nonetheless, interprets the $1,500.00 deduction as costs incurred in empaneling the prospective jury for the scheduled ten-day jury trial. This type of jury costs deduction is statutorily authorized. Accordingly, the jury deposit order did not violate La. C.C.P. art. 1734.1.

*Entitlement to Refund*

Mr. Rodrigue's second assigned error claims entitlement to a refund based on $5,600.00 remaining on the jury cash deposit after the case had settled. Upon review, this error has merit. The explicit language of La. C.C.P. 1734.1(E) states that any unexpended amounts remaining on the jury cash deposit *shall* be refunded. The statute places no other conditions on the entitlement to a refund, other than assessing the amount costs expended. As discussed *supra*, other than the

6

$1,500.00 denoted as costs incurred from the jury deposit order,[7] the record is devoid of any other evidence of jury costs expended. Accordingly, after the $1,500.00 is deducted from the jury deposit, Mr. Rodrigue is entitled to the remaining funds. As such, the district court erred in failing to award Mr. Rodrigue any refund.

Having determined the district court erred in failing to award Mr. Rodrigue a refund, we pretermit discussion of Mr. Rodrigue's remaining assignments of error.

## CONCLUSION

Based on the foregoing reasons, we reverse the district court's judgment and remand to the district for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND REMANDED**

---

[7] The jury deposit order does not reference any additional jury costs, other than the $5,600.00, expended by the Clerk of Court for matters, such as the present matter, that settle within thirty days of trial.