JjDREW, J.
The State of Louisiana, Department of Transportation and Development (DOTD), appeals a summary judgment granted in favor of James M. Bridges, Sr. and Hartford Insurance Company (Hartford) dismissing DOTD’s cross-claim.
We affirm.

FACTS

On February 5,1996, James Bridges, Sr. (Bridges, Sr.) was driving northbound on State Highway 34 in Jackson Parish with his wife, Daisy Bridges, as his passenger. The car allegedly hit a patch of ice, causing Bridges, Sr. to lose control, leave the highway and land in a ditch, killing Daisy Bridges.
On February 4, 1997, Bridges, Sr., along with the Bridges’ three children, Robert, Kay and James, Jr., filed wrongful death and survival actions against DOTD alleging that DOTD was at fault for the accident because, inter alia, it knew of the dangerous condition of the highway but failed to warn motorists of the danger. Additionally named as defendants were Bridges, Sr. and his automobile liability insurer, Hartford, the plaintiffs alleging that Bridges, Sr. was solidarily liable with DOTD because Bridges, Sr. failed to operate his car in a prudent and safe manner.
The plaintiffs are represented by Robert Shadoin from the Ruston law firm of Daw-kins, Carter and Shadoin. An answer to the lawsuit was not filed by either Bridges, Sr. or Hartford. After a settlement was reached, Bridges, Sr. and Hartford were dismissed as defendants on May 8, 1997, on motion of Robert Bridges, Kay Bridges Dickerson and James Bridges, Jr.
On June 17,1997, DOTD filed an answer in which it denied liability and raised a cross-claim against Bridges, Sr. and Hartford for “full indemnity or ... contribution” because of the alleged fault of Bridges, Sr. On June 15, 1998, Hartford and Bridges, Sr. filed a motion for summary judgment urging that 1 aDOTD’s cross-claim against them is barred because Robert Bridges, Kay Bridges Dickerson and James Bridges, Jr. had settled with them and they had been dismissed from the lawsuit. The summary judgment was granted on June 19, 1998. DOTD now appeals.

*1151
DISCUSSION

DOTD contends that the trial court should not have granted the motion for summary judgment because the settlement agreement that served as the basis for the dismissal of the action against Bridges, Sr. and Hartford is “voidable.” DOTD alleges the law firm which represented James Bridges, Sr. as a plaintiff also represented him as a defendant in this matter. In the view of the DOTD, this dual representation violated Rule of Professional Conduct 1.7 which provides, in part:
Loyalty is an essential element in the lawyer’s relationship to a client. Therefore:
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) Each client consults after consultation.
[[Image here]]
DOTD did not raise any exception to the posture of James Bridges, Sr. as both plaintiff and defendant. The dilatory exception of improper joinder of parties is waived unless filed prior to or in the answer. La. C.C.P. arts. 926(A)(7) and 928. While the posture of James Bridges, Sr. as both plaintiff and defendant is unusual, the duty of loyalty owed by his attorney is owed to James Bridges, Sr. and to the attorney’s other clients, not to the DOTD or any other third party to the representation. There is no showing that Shadoin violated his duty of loyalty by representation of Bridges, Sr. as a plaintiff in a suit naming him as a defendant |salong with DOTD; the rule allows representation directly adverse to a client provided that the conditions in the rule are satisfied.
La. C.C. art. 3071 provides, in part:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
* * *
Compromises are favored in the law and the burden of proving the invalidity of such an agreement is on the party attacking it. Kelly v. Owens, 29,613 (La.App.2d Cir.8/20/97), 698 So.2d 757, writ denied, 97-2311 (La.12/12/97), 704 So.2d 1193. Courts will not declare a settlement void without a clear showing that it violates good morals or public interest. Bass v. LaPorte, 95-0867 (La.App. 1st Cir.2/14/97), 691 So.2d 138, writ denied, 97-0646 (La.4/25/97), 692 So.2d 1088. A compromise is a contract. La. C.C. art. 3071. A contract is absolutely null when it violates a rule of public order, such as when the object of a contract is illicit or immoral. La. C.C. art.2030. Absolute nullity may be invoked by any person or declared by the court on its own initiative. Article 2030. DOTD does not direct us to any rule of public order which has been violated, instead simply arguing the settlement is “voidable” because the attorney for Bridges, Sr. as plaintiff also allegedly represented him as defendant.
Assuming arguendo that Shadoin violated his duty of loyalty to Bridges, Sr., DOTD cites no authority, nor have we located any, for the proposition that such a violation creates a right in a third person to attack a settlement made by other parties. Moreover, we note that at no place in this record does Shadoin ever refer to himself or his firm as counsel of record for James Bridges, Sr. in his posture as defendant. In this regard, we further note that the motion for summary judgment filed by defendants James Bridges, Sr. and Hartford lists William Polk of |4the Alexandria law firm of Walker, Passman and Michiels as counsel for James Bridges, Sr. and Hartford.
*1152 The settlement will have some effect on the trial on the merits. Although in its cross-claim DOTD sought indemnity or contribution from Bridges, Sr. and Hartford, the facts pled do not support a claim for indemnity. See the discussion of indemnity in Kesler v. Thedford, 95-1059 (La.App. 3rd Cir.2/14/96), 670 So.2d 467, writ denied, 96-1216 (La.6/21/96), 675 So.2d 1085. Therefore, DOTD’s cross-claim against Bridges, Sr. and Hartford was for contribution.
La. C.C. art 1803 provides, in part:
Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
* * *
This article codified the rule of Harvey v. Travelers Insurance Co., 163 So.2d 915 (La.App. 3rd Cir.1964). Joseph v. Ford Motor Co., 509 So.2d 1 (La.1987). La. C.C. art. 1804 provides, in part:
Among solidary obligors, each is liable for his virile portion.... If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.
[[Image here]]
Louisiana courts have long recognized that when a plaintiff settles with and releases one of several joint tortfeasors, he thereby deprives the remaining obligors of the right to contribution against the released obligor. However, a plaintiffs settlement with one solidary obligor reduces his recovery against the remaining obli-gors by the percentage of the proportionate fault of the released obligor. Taylor v. U.S. Fidelity & Guar. Ins. Co., 630 So.2d 237 (La.1993). To be entitled to this reduction, the remaining defendants must prove at trial that the settling defendants were joint tortfeasors solidarily liable to the plaintiffs and further must 1 Bprove the degree of fault of the settling defendants. Raley v. Carter, 412 So.2d 1045 (La.1982); Faulkner v. State, Dept. of Transp. & Development, 25,857 (La.App.2d Cir.10/26/94), 645 So.2d 268, writ denied, 94-2908 (La.1/27/95), 649 So.2d 390. Accordingly, DOTD will be entitled to reduce the plaintiffs’ recovery, if any, against it to the degree that it can prove at trial that Bridges, Sr. was at fault in'the accident.
DOTD further contends that because Hartford did not obtain a release as to Bridges, Sr.’s claim against Hartford, then DOTD still has a right of contribution against Hartford as to Bridges, Sr.’s claim. We express no opinion regarding DOTD’s right of contribution, if any, with regard to James Bridges, Sr.’s claim, if any, against Hartford, as that issue was not raised in the motion for summary judgment. We do note that under La. C.C. art.1903, “[w]hen the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion.” See also the discussion of the doctrine of confusion in footnote five in Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461 (La.1991).
For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment filed by James Bridges, Sr. and Hartford Insurance Company and dismissing the cross-claim by the State of Louisiana, Department of Transportation and Development is affirmed.

DECREE

The judgment is AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, KOSTELKA and DREW, JJ.
Rehearing denied.