# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**03-0120**

**SHAUNA SOILEAU**

**VERSUS**

**ALLSTATE INS. CO.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 62484-B
HONORABLE AUDLEY GAYNOR SOILEAU, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY H. EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, John D. Saunders, and Billy Howard
Ezell, Judges.

**SAUNDERS, J., DISSENTS AND ASSIGNS WRITTEN REASONS.**

**AFFIRMED.**

Larry Lane Roy
Preis, Kraft & Roy
P. O. Drawer 94-C
Lafayette, LA 70509
(337) 237-6062
Counsel for: Defendant/Appellee
        Allstate Ins. Co.

Aaron Frank McGee
Attorney at Law
P. O. Box 44354
Baton Rouge, LA 70804
(225) 342-6280
Counsel for: Plaintiff/Appellant
        Shauna Soileau

**EZELL, JUDGE**.

The case on appeal to this court is a separate suit against an insurer based on its handling of a third-party claim that was the subject of an earlier suit filed against both the insurer and the insured.

**Statement of the Case**

On November 11, 1996, Shauna Soileau, was a passenger in a vehicle struck by a driver insured by Allstate Insurance Company. Soileau suffered ankle injuries as a result of the accident. On November 10, 1997, Soileau filed a suit for damages against the insured driver and insurer Allstate. Between December 16, 1998, and November 3, 1999, Soileau's counsel sent five letters to Allstate offering to settle the claim. Soileau's attorney received no response to any of the settlement offers until November 10, 1999. In his response of November 10, 1999, the attorney for Allstate sent the following facsimile (hereinafter "fax") to Soileau's attorney: "My client has agreed to your settlement demand of November 3, 1999. I am ordering a settlement check and will forward it with settlement documents."

Whether the communication of November 10, 1999, confected a valid settlement agreement is in dispute. On November 12, 1999, Soileau's attorney was contacted by the office of Allstate's counsel requesting his tax identification number. The date on which the tax identification number was provided to the attorney for Allstate is disputed. On or about December 23, 1999, Soileau's counsel received a packet from Allstate's counsel containing the Receipt and Release, Joint Motion and Order of Dismissal and a settlement check dated December 8, 1999. Between January 10, 2000, and March 30, 2000, the attorneys for Soileau and Allstate were in communication regarding the precise wording of the Receipt and Release, the Joint Motion and Order for Dismissal, and the negotiability of the settlement check.

## PROCEDURAL HISTORY

On November 9, 2000, Soileau filed a separate suit against Allstate alleging that Allstate had breached its duties under La.R.S. 51:4101, La.R.S. 22:1220 and La.R.S. 22:658. Allstate filed a motion for summary judgment and exceptions to all of Soileau's claims. Soileau responded with a memorandum in opposition and counter affidavits. Hearing on Allstate's motion for summary judgment and exceptions occurred on September 19, 2001. On September 24, 2001, the district court found that the Soileau was not entitled to penalties under La.R.S. 51:4101 or La.R.S. 22:658 but awarded $2,500 in penalties for Allstate's violation of La.R.S. 22:1220. As agreed to by both parties, this award was in error.

On January 17, 2002, the district court issued its judgment and held: Soileau had no cause of action under La.R.S. 51:4101-4119 and dismissed these claims with prejudice; granted summary judgment in favor of Allstate on all of Soileau's claims under La.R.S. 22:1220(A) and (B)(5), La.R.S. 22:658(A)(2) and (A)(3); but denied Allstate's motion for summary judgment regarding Soileau's claim pursuant to La.R.S. 22:1220(B)(2).

After hearing the evidence and reviewing the documents, the court took the matter of penalties, claimed by Soileau pursuant to La.R.S. 22:1220(B)(2), under advisement. On August 30, 2002, the court issued its reasons for judgment and held that Soileau was not entitled to penalties under La.R.S. 22:1220(B)(2), giving as the reason for judgment the failure of the parties to the dispute to reach "a meeting of the minds" and that, therefore, the parties had failed to reach a valid compromise. On October 10, 2002, the court dismissed with prejudice Soileau's claim under La.R.S. 22:1220(B)(2).

Soileau appeals the trial court's judgment claiming that the trial court erred

when it found the parties had not confected a compromise. Errors are also asserted concerning penalties and attorney's fees pursuant to La.R.S. 22:1220(B)(2) and La.R.S. 22:658(A)(2).

## STANDARD OF REVIEW

The standard of review for findings of the trial court has been clearly established in this circuit. A court of appeal may not set aside a trial court's factual finding unless that finding was manifestly erroneous or clearly wrong. *Stobart v. State, through Dept. of Transp. and Dev.*, 617 So.2d 882 (La.1993). Absent "manifest error" or unless it is "clearly wrong," the jury or trial court's findings of fact may not be disturbed on appeal. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112. However, when appellate courts find that a reversible error of law or manifest error of material fact was made in the lower court, appellate courts are required to redetermine the facts de novo from the entire record and render a judgment on the merits. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

## BINDING COMPROMISE

In the instant case, the trial court held that no valid compromise was reached between the parties because the parties had not reached a "meeting of the minds" as required by La.Civ.Code art. 3073 and therefore, no penalties were available under La.R.S. 22:1220(B)(2).

On November 3, 1999, the attorney for Soileau delivered a signed letter to the attorney for Allstate. The last paragraph of the letter declared (emphasis supplied):

3

I again offer to settle my client's claim **against Allstate and the insured** for the full amount of the policy limits (minimum policy- $20,000/$10,000 per person for bodily injury) and in return my client **will release the insured** from any further liability for the damages she has suffered.

On November 10, 1999, the attorney for Allstate delivered a signed fax to Soileau's attorney. The fax message declared: "My client has agreed to your settlement demand of November 3, 1999. I am ordering a settlement check and will forward it with settlement documents."

According to La.Civ.Code art. 3071, a compromise is:

[A]n agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding.

A compromise is a contract. *Stern v. Williams*, 365 So.2d 1128 (La.App. 4 Cir. 1978), *writ denied* 368 So.2d 143 (La.1979). A contract is formed by the consent of the parties established through offer and acceptance. La.Civ.Code art. 1927. The compromise agreement need not be contained in one document to be enforceable. *Sweet v. Iberia Parish Sch. Bd.*, 99-483 (La.App. 3 Cir. 11/3/99), 746 So.2d 256, *writ denied*, 99-3414 (La. 2/4/00), 754 So.2d 237. The only formal essential for a compromise is a writing, and there is no sacrosanct form which must be followed; it is not necessary that everything intended to be compromised be contained in one document. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 98-0193 (La.App. 4 Cir. 9/30/98), 720 So.2d 372. "[W]here two instruments, when read together, outline the obligations each party has to the other and evidence each party's acquiescence in the agreement, a written compromise agreement, as contemplated by [La.Civ.Code art.] 3071, has been perfected." *Dorion v. La. Farm Bureau Mut. Ins. Co.*, 98-2818, pp. 5-6 (La.App. 1 Cir. 2/18/00), 753 So.2d 357, 361. Compromises

4

are favored in the law and the burden of proving the invalidity of such an agreement is on the party attacking it. *Bridges v. State, DOTD*, 32,018 (La.App. 2 Cir. 6/16/99), 738 So.2d 1149. Furthermore, "[C]ourts will not declare a settlement void without a clear showing that it violates good morals or public interest. Compromise settlements are not invalidated lightly in absence of bad faith, error or fraud." *Middlebrooks v. Int'l Indem.*, 95-1364, p. 7 (La.App. 3 Cir. 3/6/96), 670 So.2d 740, 744(*quoting Herrington v. Skinner*, 93-1556, p. 4 (La.App. 3 Cir. 6/1/94), 640 So.2d 748, 751).

We find that the terms as outlined in the November 3, 1999, letter are confusing and find no manifest error in the trial court's conclusion that there was never a "meeting of the minds." When reading the letter dated November 3, 1999, from Soileau's attorney one can see how the offer is confusing. Soileau initially offers to settle the claim against both "Allstate and the insured." However, the paragraph is ended by saying that the client "will release the insured" and does not mention Allstate. Allstate could have understood this language to mean that the insured would be released from any potential excess liability because Allstate would have no further liability since it would tender its policy limits.

We find that no valid compromise was reached between the parties. Agreeing with the trial court on this matter, there is no need for us to address La.R.S. 22:1220(B)(2) regarding a penalty for failure to pay a settlement within thirty days of a settlement being reduced to writing. There is also no need to discuss Soileau's assignments of error regarding La.R.S. 22:658(A)(2) regarding the failure to pay a claim for reasonable medical expenses due to a bonafide third party within thirty days after written agreement of settlement.

5

Therefore, for the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Shauna Soileau.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEALS, THIRD CIRCUIT


NUMBER 03-0120


SHAUNA SOILEAU

VERSUS

ALLSTATE INSURANCE CO.


**SAUNDERS, J., DISSENTING.**

I respectfully dissent from the opinion of the majority of the court for the following reasons. On November 3, 1999, the attorney for Plaintiff/Appellant delivered a signed letter to the attorney for Allstate. The last paragraph of the letter declared:

> I again offer to settle my client's claim against Allstate and the insured for the full amount of the policy limits (minimum policy-$20,000/$10,000 per person for bodily injury) and in return my client will release the insured from any further liability for the damages she has suffered.

On November 10, 1999, the attorney for Allstate delivered a signed facsimile to the attorney for Plaintiff/Appellant. The Fax message declared:

> My client has agreed to your settlement demand of November 3, 1999. I am ordering a settlement check and will forward it with settlement documents.

[A] compromise is a contract. *Stern v. Williams*, 365 So.2d 1128 (La.App. 4 Cir. 1978), *writ denied*, 368 So.2d 143 (La.1979). A contract is formed by the consent of the parties established through offer and acceptance. La.Civ.Code art. 1927. According to La.Civ.Code art. 2046: "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be

made in search of the parties' intent."

The majority of the court held that, "one can see how the offer is confusing," because the letter dated November 3, 1999, in its final paragraph, began by offering to settle, "my client's claim against Allstate and the insured for the full amount of the policy limits," then ends by saying the client "will release the insured" but does not mention Allstate. In my view the terms of the offer and acceptance could not be more clear in this instance.

The terms of the offer clearly state that in exchange for Allstate and the insured agreeing to settle the claim with the Plaintiff/Appellant, for the full amount of the policy limits, the Plaintiff/Appellant would then release the insured from further liability. Allstate, in its letter dated November 10, 1999, unequivocally agreed to these terms. The terms of the offer at no time can be construed to imply that the Plaintiff/Appellant offered to release Allstate from any further liability. In fact, the offer, by its language, clearly indicates that any future liability of Allstate would not be relinquished by the Plaintiff/Appellant.

The letter of November 3, 1999, contained an offer. The letter of November 10, 1999, contained and acceptance. A contract is formed through offer and acceptance. La.Civ.Code art. 1927. Thus a contract was formed and should be enforced. Accordingly, I respectfully dissent.