# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1402

WADE A. GUILBEAU

VERSUS

BETTY RAMSAY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2001-1214
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, Elizabeth A. Pickett, and Billie H. Ezell, Judges.

Amy, J., dissents and assigns reasons.

REVERSED AND RENDERED.

Douglas William Truxillo
Joan L. Boudreaux
Onebane, Bernard, Torian
P. O. Box 3507
Lafayette, LA 70502-3507
(337) 237-2660
Counsel for Defendant/Appellee:
    Betty Ramsay

Gina Marie Bradley Tuttle
Attorney at Law
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
Counsel for Defendant/Appellee:
    Betty Ramsay

**Elton Ford Duncan  III**
**Kelley A. Sevin**
**Les Anthony Martin**
**Brandi Drouet Hilden**
**Thomas Allen French**
**Duncan, Courington & Rydberg**
**400 Poydras St., #1200**
**New Orleans, LA  70130**
**(504) 524-5566**
**Counsel for Defendant/Appellee:**
     **St. Paul Fire & Marine Ins. Co.**

**J. Quentin Simon**
**J. Minos Simon, LTD**
**P. O. Box 52116**
**Lafayette, LA  70505-2116**
**(337) 233-4625**
**Counsel for Plaintiff/Appellant:**
     **Allison Guilbeau**
     **Shirley McMayon**

**Adrienne Thomas Bordelon**
**Attorney at Law**
**P.O. Box 3836**
**Baton Rouge, LA  70821-3836**
**(225) 342-5745**
**Counsel for Intervenor/Appellee:**
     **Dept. of Health & Hospitals for the Medicaid Program**

**PICKETT**, Judge

## FACTS

This suit arises out of a motor vehicle accident that occurred on March 11, 2000, involving a vehicle being driven by Wade Guilbeau and a vehicle being driven by Betty Ramsay in Lafayette, Louisiana. The vehicle being operated by Ms. Ramsay, in the course and scope of her employment with Aries Marine Corporation, (Aries), was insured by Reliance Insurance Company (Reliance).

On March 7, 2001, Mr. Guilbeau filed a Petition for Damages naming Ms. Ramsay, Aries, and Reliance as defendants. He later supplemented his petition and added St. Paul Insurance Company (St. Paul), the excess insurer of Aries, as a defendant.

As a result of the bodily injuries that Mr. Guilbeau sustained in the accident, he underwent surgery on October 16, 2001. Mr. Guilbeau experienced complications which required him to remain hospitalized until his death on January 9, 2002. Following his death, Shirley McMayon, the natural tutrix of Stephen Wade Guilbeau and Garrett Michael Guilbeau, Mr. Guilbeau's minor children, was substituted as plaintiff.

This matter was set for trial on May 27, 2003. Prior to jury selection, however, the parties entered settlement negotiations and were able to reach a settlement agreement. The terms of the agreement were put on the record by the defense counsel as follows:

> My understanding of the terms of the settlement are $340,000.00 paid cash in hand to all plaintiffs for release of all claims.

> And on behalf of St. Paul we will pay to Medicaid the lien as represented by Ms. Bordelon to me last week of $55,000.00. And we will also pay plaintiffs' court cost up to $5,000.00. And I think the actual court costs are $72.00 beyond that, but we will pay the total of $5,000.00. So the total cash out of St. Paul's pocket is $400,000.00, if my math is correct."

Defense counsel and the court noted for the record that a minor was involved and approval of the minor's settlement would have to be obtained.

Plaintiff's counsel requested that the Medicaid payment be made payable to his clients, to which defense counsel responded, "On behalf of St. Paul, I don't care whose name goes on the check, but I have to have Medicaid's name on the check so they won't come after my client."

The trial court reiterated the terms of the settlement agreement as follows:

> As I understand what's going to happen here is: They will tender $340,000.00 directly to your clients. They will also tender to Medicaid and your clients an additional $55,000.00 and $5,000.00 in court costs for a release of all claims against them. If you are able to negotiate a better deal with Medicaid or whatever, so be it.

As of June 26, 2003, thirty days after the parties had reached the settlement agreement, the plaintiffs had not received the settlement funds. Allegedly, on June 27, 2003, the plaintiffs were advised via voicemail that the funds were in the trust account of opposing counsel and would be forwarded to them on June 30, 2003. The funds were not transferred on that date. On July 2, 2003, counsel for St. Paul engaged in a telephone conversation with plaintiffs' counsel wherein he attempted to convince plaintiffs' counsel to agree to a Receipt, Release and Indemnification Agreement relative to third party indemnification of any future Medicaid claims. Allegedly, plaintiffs' counsel refused to discuss the language of the Receipt and Release and demanded disbursement of the settlement funds. On that same day, the plaintiffs filed a Motion to Enforce Settlement Agreement and Statutory Penalties pursuant to La.R.S. 22:1220. On July 9, 2003, the defendant filed a Rule to Show Cause and a Motion For Leave to Deposit the Settlement Funds in the Registry of the Court. Both the plaintiffs' motion and the defendant's rule to show cause were set for hearing on July 21, 2003.

2

The court heard the parties' arguments and took the matter under advisement. At the conclusion of the hearing, the parties attempted to and were able to agree on the release language and the funds were disbursed to the plaintiffs on that same day. The trial court issued a written ruling on July 25, 2003 and denied the plaintiffs' request for penalties. It is from this ruling the plaintiffs appeal.

## DISCUSSION

The plaintiffs' sole assignment of error is whether the district court erred in failing to apply the penalty provisions of La.R.S. 22:1220 when the settlement funds were tendered fifty-five (55) days after the settlement was perfected and in excess of thirty-five (35) days from the filing of the order authorizing the minor's settlement.

Louisiana Revised Statute 22:1220 provides, in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus live insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breached these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
>     . . . .
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
>     . . . .
>
> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

3

In his written ruling, the trial court discussed the allegations by both parties as to who was at fault in the delay of the tendering of the funds, then ultimately concluded as follows:

> Unless the execution of the minors authority to settle began the 30 day period, the tender was untimely. In fact, even problems which arose with the releases occurred more than thirty days from May 27[th], 2003, and cannot be attributed to the plaintiff.
>
> The court now must consider the effect of the necessity for court approval to a settlement of the minors' claim. (this occurred June 16, 2003). And while this issue has been dealt with as an afterthought by counsel, the court considers it significant.
>
> First, if this necessary prerequisite to settlement is ignored in applying R.S. 22:1220, it is possible the 30 day period could lapse through no fault of the defendant payor. On the other hand one could argue that to consider it in tolling the 30 day period is to enlarge the time period and avoid the clear legislative intent of the statute.
>
> The movers in this action argue that the clear language of R.S. 22:1220 which requires the agreement be "reduced to writing" should be ignored when a settlement is placed on the court record. They may have a point. It would seem unnecessary to reduce the agreement to writing when it has already become enforceable by placing it in the court record. However, when minors are involved, further court involvement is required. Court approval of the settlement is necessary, must be in writing and also filed in a court record.
>
> Under the circumstances I must interpret the 30 day period in R.S. 22:1220 to begin when the last necessary prerequisite to payment is accomplished. Even if only mentioned on the record, all parties were well aware of the need to prepare the documents for the minors' interest and submit same to the court for approval. I find that until that prerequisite was completed, payment could not be made and the 30 day period before penalties may be imposed did not begin to run.
>
> When considering the June 16th, 2003 date as the 1st day payment could have been made (and legally accepted) the defendant did tender the settlement proceeds within 30 days.

In order to address the issue of penalties, we must first determine whether the trial court erred in its determination that the defendants tendered payment timely.

Plaintiffs argue that payment was due on June 26, 2003, thirty (30) days after the settlement was put on record, citing La.Civ.Code art. 3071, which provides:

4

A transaction or compromise is an agreement between two or more persons who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

The clear intent of La.R. S. 22:1220(B)(2) is to impose a time limit upon an insurer for the payment of a claim that has been settled. Louisiana Civil Code Article 3071 requires a settlement be "either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding." Article 3071 specifically provides for the judicial enforcement of a settlement recited in open court, specifying, however, that the substance of such a settlement "*may thereafter be written in a more convenient form.*" (Emphasis ours). It is clear, under the provisions of Article 3071, therefore, that a settlement agreement, such as the one before us, recited in open court and capable of being transcribed from the record, is a settlement in writing. Although the parties may agree to set forth its terms in a more convenient form, it is not necessary they do so for the penalty provision in La.R.S. 22:1220(B)(2) to apply.

The settlement was reached in this case on May 27, 2003. Under a strict application of the provisions of La.R.S. 22:1220 the insurer was required to pay the settlement on or before June 26, 2003. In order to perfect the settlement on behalf of the minor, Shirley McMayon, as tutor, had to receive authority from the court in accordance with La.Code Civ.P. art. 4271.

A Petition for Authority to Compromise Settlement on behalf of Stephen W. Guilbeau (the minor) was filed with the trial court on June 6, 2003. The Order

5

authorizing Ms. McMayon to act on behalf of the minor was signed on June 16, 2003.

All parties understood the necessity for court approval to settle the minor's claim. This requirement was, in fact, duly noted by both defense counsel and the court when the settlement agreement was read into the record. We agree with the trial court that the 30 day period in La.R.S. 22:1220 begins when the last necessary prerequisite to payment is accomplished. Because this matter involved the compromise of a minor's claim, that date was June 16, 2003, when the order was signed authorizing the tutor to compromise the claim.

We disagree with the trial court's conclusion, however, that the defendant tendered the settlement proceeds within 30 days of June 16, 2003. Payment was actually made on July 21, 2003, more than thirty days after payment could have been made and legally accepted by the tutor.

Because the defendants failed to tender payment of the settlement funds timely, the penalty provision of La.R.S. 22:1220(B)(2) is applicable and we must determine whether penalties are warranted.

The defendant argues that St. Paul was justified in delaying payment as it "wished to have some type of written document confirming the terms in which this matter was settled." We find this argument to be without merit. The terms of the settlement was clearly set forth in the record of the proceeding, including the terms of the payment to Medicaid and the agreement that the defendant would not be responsible for more than $55,000.00 for the Medicaid lien. That the defendant requested the plaintiffs agree to additional indemnity language some thirty-six (36) days later is of little moment.

There is no just cause for the defendant's failure to pay the claim within thirty (30) days of the order authorizing the minor's settlement. There is no evidence that

6

St.Paul's breach of good faith and fair dealing resulted in damages to the plaintiffs, therefore, the proper penalty to assess is a penalty of $5,000 per claimant, for a total penalty of $15,000.00. *Rogers v. Commercial Union Ins. Co.,* 01-443 (La.App. 3 Cir. 10/3/01), 796 So.2d 862.

## DECREE

We reverse the trial court's judgment and award penalty of $5,000.00 each to Allison Guilbeau, Garrett Michael Guilbeau, and Shirley McMayon as natural tutrix for Stephen Wade Guilbeau, for a total penalty of $15,000.00.

**REVERSED AND RENDERED.**

NUMBER 03-1402

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

WADE A. GUILBEAU

VERSUS

BETTY RAMSAY, ET AL.

AMY, J., dissenting.

Reference to La.R.S. 22:1220 indicates that, under appropriate circumstances, penalties "may" be awarded. It follows that the abuse of discretion standard of review is applicable to this type of permissive language. While the imposition of penalties may have been permissible in this case, under La.R.S. 22:1220, I do not conclude that a reversal is warranted as I do not find that the trial court abused its discretion. I respectfully dissent.