STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

EDDIS J. FRUGE, ET AL.

VERSUS

CLASSIC COMMUNICATIONS, INC., ET AL.


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2002-4086 B
HONORABLE BRUCE C. BENNETT, JR., DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Jerold Edward Knoll**
**The Knoll Law Firm, LLC**
**P.O. Box 426**
**Marksville, LA 71351**
**(318) 253-6200**
**Counsel for Plaintiff-Appellee:**
     **Eddis J. Fruge**
     **Jennie Mills Fruge**
     **David W. Gaspard**

**James K. Carroll**
**G. Beauregard Gelpi**
**Fowler Rodriguez & Chalos**
**400 Poydras Street, 30th Floor**
**New Orleans, LA 70130**
**(504) 523-2600**
**Counsel for Defendant-Appellant:**
     **Great American Insurance Company**

**Pickett, Judge.**

Great American Insurance Company appeals a judgment of the trial court finding that it acted in bad faith in failing to timely pay a settlement and awarding interest and penalties on the settlement.

## STATEMENT OF THE CASE

This lawsuit originated as a suit against Classic Communications filed on behalf of the heirs of Melissa Fruge Gaspard, Sean Gaspard, Donnie Deshotel, and Donnie Ray Deshotel, who were killed in a collision with a van owned by Classic Communications. Great American Insurance Company (Great American), the appellant, was named as a defendant as the insurer of Classic Communications. Trial was set for March 16, 2004. On that date, the parties entered into a settlement, which was discussed in open court. Relevant to this appeal, Great American agreed to pay $7,000,000.00 to the heirs of the Gaspards.

The heirs of the Gaspards, Eddis Fruge, Jennie Mills Fruge, and David W. Gaspard, filed a Motion for Damages for Bad Faith Handling of Settlement on May 11, 2004. Great American filed a Motion to Enforce Settlement on May 13, 2004. The trial court heard arguments on the motions on May 26, 2004. The trial court granted the motion to enforce the settlement, but allowed further briefing on the issue of the bad faith handling of the settlement. On June 24, 2004, the trial court issued written reasons finding Great American acted in bad faith and awarded damages in the form of interest from April 16 through May 26, 2004, in the amount of $40,273.97, plus a penalty of $80,547.94, for a total of $120,821.91. The trial court entered a judgment conforming with the written reasons on July 2, 2004. Great American now appeals.

1

## ASSIGNMENTS OF ERROR

Great American asserts three assignments of error:

1.    The district court erred in finding the March 16, 2004, agreement was "reduced to writing" as required by La.R.S. 22:1220(B)(2).

2.    The district court erred in finding the delay in funding the settlement was the result of bad faith on the part of Great American.

3.    The trial court erred in awarding damages from April 16, 2004, through May 26, 2004.

## DISCUSSION

The penalty in this case was imposed pursuant to La.R.S. 22:1220, which states in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
> . . . .
>
> > (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> . . . .
>
> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

The trial court found that the settlement had been reduced to writing because it had been recited in open court, citing La.Civ.Code art. 3071 and this court's

2

opinion in *Guilbeau v. Ramsey*, 03-1402 (La.App. 3 Cir. 4/7/04), 870 So.2d 565.

Article 3071 states:

> A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
>
> This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

In *Guilbeau*, this court stated that a settlement read into the record in open court satisfies the requirement of being "reduced to writing" in La.R.S. 12:1220(B)(2). In its first assignment of error, Great American argues that the *Guilbeau* decision can be distinguished from the instant case because the parties knew at the time the settlement was read into the record that the terms of the settlement would later be reduced to writing. The pertinent portions of the settlement agreement as discussed in open court are as follows:

> BY MR. KNOLL:
> Your Honor, the agreement that has been reached between the plaintiffs and defense is that the total settlement for the claims of Mr. and Mrs. Fruge as well as Mr. Gaspard is the sum of $7,000,000.00. Each party Your Honor, is to absorb their own costs that have been paid to the clerk and other than that Judge, I think that's all.
> Is there anything else?
>
> BY THE COURT:
> Mr. Brown, you were the first defendant in this with Classic, is that your understanding of the settlement agreement?
>
> BY MR. BROWN:
> Yes, Your Honor, that's my understanding of the settlement. Of course Your Honor, the parties do envision that a more detailed written document will be prepared along with a judgment of dismissal with prejudice but in essence that is the consideration for the settlement.

BY THE COURT:
    O.K.

BY MR. BROWN:
    Full and complete release of all claims against all parties without any reservation of rights whatsoever.

Further, the trial court explained at the close of the March 16, 2004, hearing that the settlement would be further reduced to writing:

BY THE COURT:

    O. K. The settlement agreement is now part of the record and it will take some time before the documents are drawn up for you to sign and the checks to get here. But I mean you've been patient all along it will take a little bit more patience probably within the next thirty to forty-five days if will all be done and resolved, okay.

Nevertheless, we find this case is not distinguishable from *Guilbeau*. As this court stated, "Although the parties may agree to set forth its terms in a more convenient form, it is not necessary they do so for the penalty provision in La.R.S. 22:1220(B)(2) to apply." *Guilbeau*, 870 So.2d at 569. The terms of the settlement were clearly set forth in open court on March 16, 2004, and payment was due within 30 days pursuant to La.R.S. 22:1220(B)(2). The first assignment of error lacks merit.

In its second assignment of error, Great American argues that the failure to pay the settlement funds timely was not an act of bad faith. Great American argues that they were engaged in negotiations with the plaintiffs about the structuring of a portion of the settlement, which caused the delay in the tendering of payment. The trial court concluded that Great American did act in bad faith, and in its reasons for ruling provided a detailed chronological listing of events which led to the conclusion. First, while there was some discussion about structuring a portion of the settlement, Great American did not tender the settlement funds when demand was made for them by the plaintiffs' counsel on May 4, 2004. On May 4, 2004, the plaintiffs agreed to

4

wait for receipt of the funds until May 10. But on May 6, a dispute arose about the agent who would be used for the structuring, and on May 10, Great American refused to structure a portion of the settlement unless it was with an agent of its choosing. Since the funds were not received on May 10, the plaintiffs filed the Motion for Damages for Bad Faith Handling of Settlement that is the subject of this appeal on May 11. On May 12, the plaintiff demanded payment of the $5,000,000.00 that was not subject to the dispute over structuring. Great American's counsel responded on the same day by refusing to structure any part of the settlement and offering to tender the full $7,000,000.00. On May 18, defense counsel alleged in a letter that he had tendered the full amount, but that plaintiffs' counsel refused to accept the tender. In a letter dated the same day, plaintiffs' counsel explained that the release documents sent to the plaintiffs included a clause requiring dismissal of the bad faith claims. In the course of this disagreement, the checks were sent to the plaintiffs' counsel, but counsel for the defense refused to alter the release documents to allow the plaintiffs to proceed with the bad faith claims.

The trial court concluded that Great American acted in bad faith because it refused to tender the amount that was not part of the structure negotiations, $5,000.000.00. He further found that Great American's conduct after payment was demanded, and its insistence on the plaintiffs dropping the bad faith claims, was "totally unexcusable." A trial court's finding of bad faith is a factual determination subject to the manifest error standard of review. *Aguillard v. Crowley Garment Mfg. Co.*, 01-594 (La.App. 3 Cir. 2/27/02), 824 So.2d 347, *writs denied*, 02-1348, 02-1170 (La. 8/30/02), 823 So.2d 955, 956. The trial court's conclusion is supported by the record and will not be disturbed.

In its third assignment of error, Great American argues that the damages should not be calculated from April 16, 2004, through May 26, 2004. For the period from April 16 through May 10, Great American argues that it was involved in the structure negotiations, and the plaintiffs granted an extension on May 4 that expired on May 10. It further argues that if Great American was in bad faith, the bad faith ended on May 10 when the funds became available, and the damages should be decreased. This argument glosses over the attempt by Great American to require the plaintiffs to drop their bad faith claim in exchange for the settlement checks. Essentially, Great American argues that it should not have to pay any damages. The trial court did not abuse its discretion in awarding damages and the award is affirmed.

<strong><u>CONCLUSION</u></strong>

The trial court's opinion is affirmed in all respects. Costs of this appeal are assessed against the appellant, Great American Insurance Company.

**AFFIRMED.**