JOAN BERNARD ARMSTRONG, Chief Judge.
 

 _[iDefendants-appellants, James E. Bam-bino (“Bambino”) and his liability insurer, Erie Insurance Company (“Erie”), appeal a judgment dated March 24, 2010, awarding the plaintiff-appellee, Michelle Rae Smith (“Smith”) penalties in the sum of $5,000.00 for allegedly failing to pay an agreed upon settlement amount of $85,000.00 within 30 days of the settlement pursuant to La. R.S. 22:1973.
 

 On January 13, 2007, Smith was a passenger in an automobile being driven by Bambino when she was allegedly injured. She sued Bambino, his insurer, Erie, and her UM carrier, Nationwide Mutual Fire Insurance Company. It appears that at some point other defendants may have been added, including the driver of the
 
 *257
 
 other vehicle, but this appeal does hot concern the merits of the personal injury claim and the only defendants involved in this appeal are Bambino and Erie.
 

 La. R.S. 22:1973 B(2) provides that penalties may be assessed against an insurance company, in this case, Erie, for: “Failing to pay a settlement within thirty days after an agreement is reduced to writing.”
 

 The record contains an uncontested copy of a “Memorandum of Settlement Agreement” dated October 19, 2009, executed by and among the parties to this appeal, pursuant to a mediation. It is from this date that the plaintiff contends that the 30-day period commenced to run under La. R.S. 22:1973. In this document the ^parties agree to the terms of the settlement, and “further acknowledge and agree that, within a reasonable period of time hereafter they will enter into a formal settlement agreement, setting forth in more detail the terms of the agreement....”
 

 In neither the trial court nor in this court did the plaintiff attempt to explain the effect of the stipulation in the mediation of October 19, 2009, that the parties would “within a reasonable time hereafter ... enter into a formal settlement agreement, setting forth in more detail the terms of the agreement....” There can be no doubt that another writing was contemplated. There is no admissible evidence in the record concerning the reason for the delay between October 19, 2009, and the time the plaintiff was paid, approximately 50 days later, and no evidence as to how much of a delay would be reasonable. We find as a matter of law that, at the very least, the 30-day delay contemplated by La. R.S. 22:1973 B(2) would not begin to run until the final settlement agreement was confected or until the expiration of “reasonable period of time” for the confection of a “formal settlement agreement” contemplated by the language of the mediation agreement.
 

 The plaintiff cites the following cases in the “Table of Authorities” of her original brief on appeal
 
 [1]
 
 :
 
 The Sultana Corp. v. Jewelers Mut. Ins. Corp.,
 
 03-0360 (La.12/3/03), 860 So.2d 1112;
 
 Theriot v. Midland Risk Ins. Co.,
 
 95-2895 (La.5/20/97), 694 So.2d 184;
 
 Soileau v. Allstate Ins. Co.,
 
 03-0120 (La.10/15/03), 857 So.2d 1264;
 
 Defazio v. City of Baton Rouge,
 
 625 So.2d 733 (La.App. 1 Cir.1993);
 
 Fruge v. Classic Communications, Inc.,
 
 04-1348 (La.App. 3 Cir. 2/2/05), 893 So.2d 222; and
 
 Guilbeau v. Ramsay,
 
 03-1402 (La.App. 3 Cir. 4/7/04), 870 So.2d 565.
 

 Sultana
 
 involved a claim for penalties for failure to pay a settlement promptly, but in
 
 Sultana
 
 there was no agreement to prepare a formal settlement ^agreement as there was in this case and no release by the plaintiff and dismissal "with prejudice.
 

 Theriot, supra,
 
 says that insurers must deal in good faith, but has no facts relevant to the instant case.
 

 In
 
 Soileau, supra,
 
 the court held that there was no valid settlement agreement.
 

 In
 
 Defazio, supra,
 
 the court specifically stated that the case was not decided on grounds of failing to pay a settlement reduced to writing within 30 days.
 

 In
 
 Fruge, supra,
 
 the Court held that reading a settlement into the court record constitutes reducing it to writing. In the instant case, that was not done.
 

 Similarly,
 
 Guilbeau, supra,
 
 is a case in which the settlement was read into the court record.
 

 The defendants cite
 
 Levy v. Cummings,
 
 25,475 (La.App. 2 Cir. 1/19/94), 631 So.2d
 
 *258
 
 55. In
 
 Levy
 
 the court found that a plaintiff could not recover under La. R.S. 22:1220(B)(2) [which was later designated 22:197333(2) ] when there was a letter agreement to settle a case, providing “for the issuance of the check when the release had been signed, notarized, and returned” and this condition was not satisfied by the plaintiff.
 
 Id.,
 
 25,475 pp. 3-4, 631 So.2d at 57. The court noted the following:
 

 An “agreement” contemplates a meeting of the minds. If there was no “meeting of the minds” on the issue of how the release and check were to be exchanged, then there was no “agreement reduced to writing” within the meaning of the statute. Accordingly, the plaintiff cannot recover under Section 1220(B)(2).
 

 Id.
 

 I/The
 
 Levy
 
 case is the closest one to the facts of the instant case, but is distinguishable by the fact that in
 
 Levy
 
 the preliminary agreement specifies when the check is to be issued and there is no such specific language in what the parties in the instant case agreed to preliminarily at the mediation.
 

 In addition to the cases cited by the parties we note two others:
 
 LeBlane v. State Farm Ins. Co.,
 
 03-1522 (La.App. 3 Cir. 5/26/04), 878 So.2d 715, and this Court’s opinion in
 
 Walk Haydel & Assocs., Inc. v. Coastal Power Production Co.,
 
 98-0193, pp. 3-4 (La.App. 4 Cir. 9/30/98), 720 So.2d 372, 373-74. Both of these cases involve mediation agreements which contemplated a subsequent more formal and detailed agreement consistent with the facts of the instant case. In both cases the courts held that the mediation agreements were enforceable. However, penalties for late payment were not an issue in either of those cases.
 

 On December 8, 2009, prior to the plaintiffs filing of the aforementioned Motion and Order of dismissal, the plaintiff executed a “Receipt, Release and Agreement to Indemnify” acknowledging receipt of $85,000.00 in return for which she released Bambino and Erie “from any and all liability to [Smith, including] any and all known or unknown injuries, losses and/or damages sustained ... on or about January 13, 2007, directly or indirectly, as a consequence of the automobile accident that occurred in New Orleans, Louisiana....”
 

 The release went on to encompass the release of all claims filed by the plaintiff in the trial court and included language stating that the plaintiff authorized and instructed her attorney to dismiss her claims against Bambino and Erie “with full prejudice[
 
 2
 
 ]”. The release also included language requiring the plaintiff to |Bprovide indemnity to Bambino and Erie for any claims asserted against them by anyone in connection with the accident.
 

 The release concludes with language declaring that it is not to be construed against (i.e., it was not to be treated as a contract of adhesion) Bambino and Erie, as Smith was represented by her own counsel, as well as language stating that in executing the release, the plaintiff “relies wholly on her own judgment and belief, and has not been influenced to any extent whatsoever by any representation or statements made by the persons, firms or corporations, their agents or employees.... ”
 

 It is significant that this blanket “Receipt, Release and Agreement to Indemnify” was executed after plaintiffs claim for penalties would have accrued were this Court to accept the plaintiffs argument that the 30-day period commenced to run on October 9, 2010. The defendants argue, and the plaintiff has not contended
 
 *259
 
 otherwise, that the language of the “Receipt, Release and Agreement to Indemnify” is so broad as to encompass any claims related to plaintiffs accident, including the claim for La. R.S. 22:1973 penalties. Instead, the plaintiff argues, as will be discussed at greater length hereafter, that the “Receipt, Release and Agreement to Indemnify” was executed by her under duress of an economic nature.
 

 On December 23, 2009, on motion of the plaintiff, the trial court signed an Order (Judgment) dismissing with prejudice plaintiffs claims against Bambino and Erie, discharging them “from any liability arising out of or in any way connected with, related to, or incident to claims and causes of action for injuries, losses, and/or damages sustained by Michelle Rae Smith as a consequence of the automobile accident that occurred ... on or about January 13, 2007.... ” This | (judgment of dismissal with prejudice obtained upon motion of the plaintiff, was filed and signed after the plaintiffs claim for penalties would have accrued, and pri- or to the time the plaintiff filed her claim for penalties. The defendants argue, and the plaintiff has not contended otherwise, that the Order of dismissal with prejudice was broad enough to include the plaintiffs claim for penalties. In other words, it is uncontested that both the “Receipt, Release and Agreement to Indemnify” as well as the motion and order to dismiss with prejudice were so broad and all-encompassing as to include the plaintiffs claim for penalties that is the object of this appeal. However, the plaintiff contends that she moved for the dismissal with prejudice under duress of an economic nature as she needed immediate access to the settlement funds. But, as we will explain below, there is no admissible evidence in the record of any such economic duress.
 

 On January 6, 2010, Smith filed a “Motion to Assess Penalties for Late Payment of Settlement Funds.” In this motion the plaintiff sought “a minimum penalty of $5,000.00” from Bambino and Erie for “failure to pay the settlement [reduced to writing] in this matter within thirty (30) days,” pursuant to La. R.S. 22:1973 B(2). The Motion explained that: “Plaintiff, Michelle Smith, was in necessitous circumstances and dependent on those settlement proceeds for financial support that were finally tendered fifty (50) days after the settlement was reached,” i.e., the plaintiff was forced by the duress of financial necessity to sign a full release to receive settlement proceeds after 50 days when she had an unconditional right to receive them within 30 days. We again note that the 50 days referred to in the plaintiffs claim for penalties dates from the October 9, 2010 mediation.
 

 |7The motion was served upon opposing counsel only, and not on Erie or Bambino directly. Bambino and Erie assign this as error, insisting that as the suit had been dismissed with prejudice, process could no longer be served on the defendants through their attorney of record. In spite of the fact that the defendants argued this issue in brief below and to this Court, they filed no exception as to citation or service of process.
 

 Annexed to the motion to assess penalties was: (1) a copy of the mediation agreement; (2) a copy of a letter dated December 7, 2009, addressed to the plaintiffs attorney, Mr. Robert J. Caluda, from Timothy T. Roniger, counsel for Bambino and Erie, including a copy of the proposed settlement agreement and a copy of the settlement check to be delivered to the plaintiff once the settlement agreement was executed; (3) an affidavit signed by counsel for the plaintiff, Robert J. Caluda, averring that counsel for Bambino and
 
 *260
 
 Erie stated that he would not release the settlement funds if the plaintiff reserved her rights to claim penalties for failure to pay the settlement funds promptly. The affidavit goes on to state that: “Plaintiff, Michelle Smith, indicated to Plaintiff counsel that she had necessary circumstances[
 
 3
 
 ] and had no alternative but to take the settlement proceeds that were nearly twenty (20) days late from the maximum due date.” The defendants filed timely objections to Mr. Caluda’s affidavit, correctly noting that it is inadmissible hearsay. The plaintiff points to no exception to the hearsay rule that would permit the consideration of Mr. Caluda’s affidavit. We note further that it is conclusory in nature as it contains no description of what the plaintiffs necessary circumstances might be.
 

 | sThere is no affidavit from the plaintiff, herself, in the record and no explanation of why she could not have executed one.
 

 We find that the plaintiffs argument based on duress is, in effect, an argument that the dismissal with prejudice is null as regards the plaintiffs claim for penalties because duress would constitute La. C.C.P. art. 2004 A “ill practices.” It follows according to the defendants, that the plaintiff must bring an action in nullity for which purpose summary procedure would not be proper. The plaintiff has filed no action in nullity. Moreover, the defendants argue that the dismissal with prejudice of December 23, 2009, constitutes res judicata. However, the defendants filed no formal exception of res judicata in either the trial court or this Court. However, we note that this court may notice the exception of res judicata on its own motion. La. C.C.P. art. 929 B.
 

 Plaintiffs Motion to Assess Penalties was presented in the form of a show cause order which was fixed for hearing on February 26, 2010. The defendants objected to the use of summary procedure both in the trial court and in this appeal, but they have filed no formal exceptions regarding same.
 

 The defendants also make arguments objecting to personal jurisdiction, but they filed no formal exceptions in either the trial court or this Court.
 

 Apparently, the hearing was continued until March 2, 2010, as the March 24, 2010 judgment rendered pursuant to that hearing indicated that counsel for the parties appeared on March 2, 2010 for argument. There is no transcript of the hearing in the record.
 

 The judgment states that:
 

 [T]he Court finds that the Defendants did in fact pay the settlement in this matter in excess of thirty (30) days from the date settlement was perfected and the |9settlement proceeds were paid twenty (20) days late on December 8, 2009, after the settlement was confect-ed on October 19, 2009. The Court finds that Plaintiffs motion is well founded and assesses the Defendants, James E. Bambino and Erie Insurance a $5000.00 penalty pursuant to Louisiana Revised Statute 22:1973....” [Emphasis added.]
 

 Of the various possible exceptions argued by the defendants but not filed in formal form, only the exception of res judi-cata is peremptory and may be noticed by this Court on its own motion. La. C.C.P. art. 929 B. Otherwise, after judgment, the jurisdictional and citation and service of process issues raised by the defendants must be raised in an action of nullity under La. C.C.P. art. 2002 A(2) and (3), which was not done in this case. However, La. C.C.P. art. 2002 B states that such an
 
 *261
 
 action in nullity “may be brought at any time.”
 

 While we have noted the many grounds for appeal raised by the defendants, we find one that is both straightforward and dispositive: There is not sufficient evidence in the record to support the judgment of March 24, 2010. That judgment was based on the plaintiffs claim of economic duress and there is no admissible evidence in the record to support that claim.
 

 For the foregoing reasons, we vacate the judgment of the trial court and dismiss the plaintiffs claim for penalties with prejudice.
 

 VACATED AND RENDERED.
 

 [1]
 

 . However, none of the cases were cited or discussed in the body of the plaintiff’s brief.
 

 [2]
 

 . Emphasis original.
 

 [3]
 

 . Emphasis added.