# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-417

ALVIN MOUTON

VERSUS

PROGRESSIVE SECURITY INSURANCE COMPANY
AND JULIE GASPARD

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2013-4279
HONORABLE EDWARD RUBIN, PRESIDING
\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy and John E. Conery, Judges.

**AFFIRMED.**

R. Scott Iles
P.O. Box 3385
1200 West University
Lafayette, LA  70506
(337) 234-8800
**ATTORNEY FOR PLAINTIFF/APPELLANT**
   Alvin Mouton

Henry G. Terhoeve
Guglielmo, Marks, Schutte, Terhoeve & Love
320 Somerulos Street
Baton Rouge, LA  70802
(225) 387-6966
**ATTORNEY FOR DEFENDANT/APPELLEE**
   Progressive Security Insurance Company

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On September 28, 2012, Plaintiff, Alvin Mouton, was involved in an automobile accident. The rear of Plaintiff's lawn care trailer, which was attached to his vehicle, was struck from behind by a vehicle driven by Defendant, Julie Gaspard. Approximately two weeks after the accident, on October 12, 2012, Plaintiff signed a "Full Release of All Claims with Indemnity" with Defendant, Progressive Security Insurance Company, who was the insurer of Ms. Gaspard's vehicle. In conjunction with the signing of the release, Plaintiff received and negotiated two settlement checks: One for $3,863.09, which was for the property damage; and the other for $700.00, which stated on its face "FULL AND FINAL RELEASE OF BODILY INJURY FOR 9/28/2012 MVA."

Approximately nine months after accepting the settlement checks, Plaintiff then contacted Progressive asserting he required dental work due to injuries suffered from the accident. Plaintiff was informed by Progressive that he had settled the matter in its entirety, and released Progressive and Ms. Gaspard in full. Plaintiff then contacted an attorney and a Petition for Damages was subsequently filed.

Plaintiff contended he was duped by Progressive into accepting a settlement agreement releasing all claims arising from the subject automobile accident. Plaintiff asserted he was under the belief he was only signing a settlement for his property damages and not any claims for personal injury. He also noted he is illiterate; and thus, could not possibly understand the paperwork presented to him by Progressive.

Progressive filed a Motion to Enforce Settlement and Exception of Res Judicata. A hearing on the motion was held, after which the trial court granted the motion and exception. This appeal followed. Plaintiff asserts the trial court erred

in granting Defendant's Motion to Enforce Settlement and Exception of Res Judicata.

## ANALYSIS

Louisiana law is well settled that a valid compromise can form the basis for an exception of res judicata. *Ortego v. State, Dep't. of Transp. and Dev.*, 96-1322 (La. 2/25/97), 689 So.2d 1358; *Atwell v. Nat'l Safety Consultants, Inc.*, 97-1561 (La.App. 3 Cir. 4/1/98), 713 So.2d 495, *writ denied*, 98-1866 (La. 10/30/98), 727 So.2d 1164. "A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised." La.Civ.Code art. 3080. A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express. La.Civ.Code art. 3076. The compromise instrument is governed by the same general rules of construction applicable to contracts. *Ortego*, 689 So.2d 1358. Interpretation of a contract is the determination of the common intent of the parties. La.Civ.Code art. 2045. When the words are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.Civ.Code art. 2046.

Plaintiff initially argues on appeal that the Exception of Res Judicata should have been heard as part of the trial on the merits. However, La.Code Civ.P. art. 929(B) provides that "[i]f the peremptory exception has been filed after the answer, but at or prior to the trial of the case, it shall be tried and disposed of either in advance of or on the trial of the case. . . ." The Exception of Res Judicata in this case was filed after the answer; thus, the trial court had the discretion under La.Code Civ.P. art. 929(B) to try the exception in advance of a trial on the merits. To do so was not error, and Plaintiff had the ability to testify or present evidence at the hearing on the exception as to his alleged lack of capacity.

Plaintiff had the opportunity to explain why he negotiated two separate settlement checks, one which was for property damage and the other which stated it was for bodily injury, but did not expect that he settled his claims for the accident in full. Compromises are favored in the law, and the burden of proving the invalidity of such an agreement lies with the party attacking it. *Rivett v. State Farm*, 508 So.2d 1356 (La.1987); *Soileau v. Allstate Ins. Co.*, 03-120 (La.App. 3 Cir. 10/15/03), 857 So.2d 1264, *writ denied*, 03-3170 (La. 2/6/04), 865 So.2d 724; *Bridges v. State, DOTD*, 32,018 (La.App. 2 Cir. 6/16/99), 738 So.2d 1149. Having shown the existence of a valid settlement agreement and the negotiation of a "full and final" settlement check, it was incumbent on Plaintiff under the law to prove the compromise was invalid due to his lack of capacity to contract. After reviewing the record, we find no error by the trial court in finding Plaintiff failed to meet that burden.

As Progressive points out, a reading of Plaintiff's petition indicates Plaintiff did not specifically allege that he did not understand the consequences of signing the release or negotiating the checks. Rather, he alleged he was illiterate and that no one read or explained the release to him. Louisiana Civil Code Article 1918 provides "[a]ll persons have capacity to contract, except unemancipated minors, interdicts, and persons deprived of reason at the time of contracting." Plaintiff is not a minor, and did not allege he was an interdict or deprived of reason at the time of the settlement. As Progressive notes, Plaintiff simply alleged he was illiterate, which is a lack of the ability to read text, and not necessarily indicative that Article 1918 was applicable.

Plaintiff did not testify at the hearing as to the effect his illiteracy had on his capacity to understand what he was signing. The trial court specifically asked Plaintiff's counsel if Plaintiff was present and intended to testify. Thus, the trial

3

court had no evidence or testimony to conclude there was a lack of capacity to contract.

Moreover, Progressive presented the affidavit of Amanda Hanks, the adjuster who handled plaintiff's claim. Ms. Hanks attested she personally explained to Plaintiff that the payments were being made in full settlement of his and his wife's claims arising from the subject accident. She also stated no one informed her that Plaintiff was illiterate or had difficulty reading, and Plaintiff never asked her to read the release or explain it to him. Nothing in Plaintiff's petition contradicts the statements in Ms. Hanks' affidavit that the checks given to Plaintiff were in *full* settlement of his claims.

Plaintiff cites the case of *Higgins v. Spencer*, 531 So.2d 768 (La.App. 1 Cir. 1988), for his argument that he had a lack of capacity to enter into a settlement agreement with Progressive. However, in *Higgins*, there was evidence one of the plaintiffs was a person with an intellectual disability and one was on pain medication, rendering them incapable of "know[ing] what was going on." Both of these factors are not present in this case. Thus, *Higgins* is factually distinguishable.

After a review of the record, we find the trial court did not err in finding Plaintiff failed to meet his burden of proof to vitiate the clear terms of the settlement agreement he signed due to a lack of capacity to contract. Plaintiff offered no testimony or evidence as to what he thought he was signing when he signed the release, or his understanding of the purpose of the two checks he received and negotiated.

4

**DECREE**

For the foregoing reasons, the judgment of the lower court is affirmed.

Costs of this appeal are assessed to plaintiff-appellant, Alvin Mouton.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.

5